780 P.2d 1152

**Deborah SANDOVAL,
Plaintiff–Appellant,**

**and**

**Safeco Insurance Companies,
Involuntary Plaintiff,**

**v.**

**Urbano MARTINEZ, d/b/a Martinez
Trucking, and Orlando Sena,
Defendants–Appellees.**

**No. 10020.**

Court of Appeals of New Mexico.

May 18, 1989.

Certiorari Denied July 27, 1989.

Paul S. Wainwright, Lisa E. Jones, Robinson & Wainwright, P.A., Albuquerque, for plaintiff-appellant.

James P. Sullivan, Mariana (Mimi) G. Geer, Felker & Ish, P.A., Santa Fe, for defendants-appellees.

Bradford V. Coryell, Montgomery & Andrews, P.A., Santa Fe, amicus curiae, New Mexico Defense Lawyers Ass'n.

William H. Carpenter, Chairman, Amicus Committee, New Mexico Trial Lawyers Ass'n, Carpenter & Goldberg, Michael B. Browde, Albuquerque, amicus curiae, New Mexico Trial Lawyers Ass'n.

## OPINION

HARTZ, Judge.

The district court dismissed plaintiff's complaint with prejudice because she lied in answers to interrogatories. She appeals. Because of the implications of this case for litigation in New Mexico, we requested amicus briefs from the New Mexico Trial Lawyers Association and the New Mexico Defense Lawyers Association. Both submitted learned briefs that were of great assistance to the court. We hold that SCRA 1986, 1–037(D) (Cum.Supp.1988) authorized the dismissal and we affirm the district court.

Plaintiff sued defendants for personal injuries to her neck, back, and legs allegedly suffered in an automobile accident. In January 1986 defendants served plaintiff with interrogatories and a request for production. Plaintiff served answers to the interrogatories three weeks late. She produced documents almost a month later, after defendants had filed a motion to compel production; the district court ordered plaintiff to pay defendants $100 for attorneys' fees incurred in securing compliance with the request. Three of the interrogatories asked plaintiff whether she had ever been in a prior auto accident (No. 11), whether she had suffered any physical injury in such an accident (No. 13), and whether she had undergone any surgical operations prior to the accident in question (No. 17). To each question plaintiff responded "N/A." During her deposition on April 1, 1986, she was asked if she had received any traffic citations in the last five years. She responded "No." At the deposition plaintiff agreed to supply defendants with an authorization to obtain her medical records. Plaintiff's counsel forwarded the authorization to defense counsel on May 1. In January 1987 defendants requested plaintiff to supplement her answers to interrogatories Nos. 11 and 13. Plaintiff responded that her answers were unchanged.

With records obtained through the medical authorization, defendants' counsel discovered that plaintiff had suffered injuries in automobile accidents in 1974 and 1976, the one in 1974 requiring surgery. The injuries in the two accidents included injuries to her cervical spine and head. Defendants' counsel also discovered that plaintiff had received two tickets for speeding in 1985. Based on these discoveries, defendants moved for sanctions. The district court dismissed the complaint with prejudice, stating:

> [I]n light of NMRCP 1–011 and 1–037, the court finds that the Plaintiff failed to meet her discovery obligations and did, in bad faith, provide false answers to interrogatories and that dismissal is an appropriate sanction therefor.

RULE 1–037(D) SANCTIONS MAY BE IMPOSED FOR INTENTIONAL FALSE ANSWERS TO INTERROGATORIES [1]

■ Rule 1–037 is entitled, "Failure to make discovery; sanctions." Following Federal Rule of Civil Procedure 37, it sets forth the procedures governing imposition of sanctions for violation of the rules of discovery. Paragraph A provides for motions to compel discovery and permits the party prevailing on such a motion to recover expenses incurred in prevailing on the motion. Paragraph B deals with sanctions, including dismissal and default, that the court may impose for violation of discovery orders. Paragraph D states, in pertinent part:

> D. * * * If a party * * * fails[:]
> * * * * * *
>
> (2) to serve answers [or] objections to interrogatories submitted under Rule 1–033, after proper service of the interrogatories; or
>
> (3) to serve a written response to a request for inspection submitted under Rule 1–034, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just,

and among others it may take any action authorized under Subparagraphs (a), (b) and (c) of Subparagraph (2) of Paragraph B of this rule [which includes the sanction of dismissal].

The paragraph of Rule 1–037 applicable in this case is 1–037(D). Rule 1–037(B) does not apply because the district court did not base the dismissal on violation of any order. Rule 1–037(D), however, authorizes the sanction of dismissal even when there has been no court order. *See* 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* ¶ 37.05 (2d ed. 1988); 8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2291 (1970 & Supp.1988).

Dictum in *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, 208, 629 P.2d 231, 284 (1980), *appeal dismissed and cert. denied,* 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981), suggested that the district court could impose sanctions for false answers to interrogatories. The court cited four cases as authority for the proposition, *id.,* note 87: *Evanson v. Union Oil Co. of Cal.,* 85 F.R.D. 274 (D.Minn. 1979), *appeal dismissed,* 619 F.2d 72 (Temp.Emer.Ct.App.), *cert. denied,* 449 U.S. 832, 101 S.Ct. 102, 66 L.Ed.2d 38 (1980); *Hunter v. International Sys. & Controls Corp.,* 56 F.R.D. 617 (W.D.Mo. 1972); *Life Music, Inc. v. Broadcast Music, Inc.,* 41 F.R.D. 16 (S.D.N.Y.1966); and *Buehler v. Whalen,* 15 Ill.Dec. 852, 70 Ill.2d 51, 374 N.E.2d 460 (1977). Yet in none of those cases, nor in any other case that we have found or that has been brought to our attention, has a court granted a dismissal or default judgment under Federal Rule 37(d) solely on the basis of false responses to discovery requests. *But cf. Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585 (9th Cir.1983) (upholding default judgment under Federal Rule 37 for lies to the court and in discovery responses and for violation of discovery orders; Federal Rule 37(d) not specifically cited). Also, *United Nuclear* did not address specifically whether a default or dismissal under

---

**1.** It is unnecessary to our result to determine whether SCRA 1986, 1–011 provides an alternative ground for the dismissal in this case.

Rule 1–037(D) is appropriate for a false answer to an interrogatory. Therefore, before affirming such a sanction here, we must approach the matter from a more general perspective.

Rule 1–037(D), if read literally, does not apply to false interrogatory answers. It speaks of the *failure* of a party to serve answers or objections to interrogatories. Such language suggests the complete absence of any interrogatory answer.

Nevertheless, an answer can be so useless as to be equivalent to no answer. In *Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256 (Fed.Cir.1985), defendant argued that a default judgment pursuant to Federal Rule 37(d) was inappropriate because it had in fact served a response to discovery requests. The response stated: " 'Defendant, Eco–Chem, Inc. [ECI] is an inactive Minnesota corporation with no employees and with no operations in Minnesota or elsewhere. Consequently, Defendant is unable to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.' " *Id.* at 1258. We agree with the following comment by the court:

> If we were to accept appellants' argument, the full force of Rule 37(d) could be rendered virtually meaningless. A party could simply send its opponents a letter refusing to comply with a discovery request, confident that it would face no more serious sanction than a court order directing compliance. This result is plainly inconsistent with the purpose of Rule 37(d), *i.e.*, to allow the courts to punish a full and wilful noncompliance with the federal rules on discovery, and to deter such conduct in the future.

*Id.* at 1260. The court stated that ECI's action "amounted to a 'total failure to respond.' " *Id.* at 1261 (quoting *Laclede Gas Co. v. G.W. Warnecke Corp.*, 604 F.2d 561, 565 (8th Cir.1979)). Other courts also have applied Federal Rule 37(d) when a response was tantamount to no response. *See, e.g., Equal Employment Opportunity Comm'n v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 626–27 (N.D.Ill.1987) (incorrect, incomplete, and misleading data), *aff'd,* 839 F.2d 302 (7th Cir.1988); *Fautek v. Montgomery Ward & Co.*, 96 F.R.D. 141, 145 n. 5 (N.D.Ill.1982) (false denial that party did not have certain records); *Bell v. Automobile Club of Mich.*, 80 F.R.D. 228, 232 (E.D.Mich.1978) (misleading and deceptive answers), *appeal dismissed,* 601 F.2d 587 (6th Cir.), *cert. denied,* 442 U.S. 918, 99 S.Ct. 2839, 61 L.Ed.2d 285 (1979); *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir.1976) (evasive and incomplete answers). *Cf. Hilmer v. Hezel,* 492 S.W.2d 395 (Mo.Ct.App.1973) (untruthful or evasive answer is equivalent to refusal to answer under Missouri rules).

In *Doanbuy Lease & Co. v. Melcher,* 83 N.M. 82, 488 P.2d 339 (1971), our supreme court adopted a similar approach. The court said that the conduct of plaintiff's president at his deposition was so obstructive and unproductive that it could "only be equated with a refusal to appear." *Id.* at 85, 488 P.2d at 342. Although in that case the district court had ordered the witness to appear at his deposition, the supreme court affirmed the default judgment as arising under Rule 37(d). (Basing the sanction on Rule 37(d), rather than on Rule 37(b), may have resulted from the language of the rules at that time. Although the then Rule 37(b) provided for sanctions for failure to obey an order requiring a deponent to answer designated questions, it did not address orders simply to appear at depositions. Thus, it was Rule 37(d) that had to be the source for sanctions for a failure to obey a court order to appear at a deposition. *See Independent Prods. Corp. v. Loew's, Inc.,* 283 F.2d 730, 733 n. 2 (2d Cir.1960); C. Wright & A. Miller, *supra,* § 2291 n. 4).

An interrogatory answer that falsely denies the existence of discoverable information is not exactly equivalent to no response. It is *worse* than no response. When there is no response to an interrogatory or the response is devoid of content, the party serving the interrogatory at least knows that it has not received an answer. It can move the court for an order to compel a response pursuant to Rule 1–037(A). If the response is false, however,

the party serving the interrogatory may never learn that it has not really received the answer to the interrogatory. The obstruction to the discovery process is much graver when a party denies having had a prior accident than when the party refuses to respond to an interrogatory asking if there have been any prior accidents.

APPROPRIATENESS OF THE SANCTION OF DISMISSAL

■ Having concluded that a false interrogatory answer may be subject to Rule 1–037(D) sanctions, we next address the appropriateness of the sanction of dismissal.

The purposes of Rule 1–037 are (1) to enable a party to obtain the discovery to which it is entitled; (2) to compensate a party for expenses incurred because of violation of the discovery rules by another party; and (3) to deter infractions of the rules and of court orders enforcing them. The rules provide a hierarchy of sanctions.

The customary sanctions are "remedial" in nature. The typical court order dealing with failure to comply with the discovery rules is an order compelling compliance. *See* R. 1–037(A). The party serving proper discovery requests is entitled to at least the required response. In addition, when the responding party's lapse was not substantially justified, the district court may order the party that violated the discovery rules to reimburse the other party for expenses incurred in obtaining the order to compel. *See* R. 1–037(A)(4). The expenses that a party may be required to pay are expanded yet further if its rule violation is a failure to respond to discovery. Rule 1–037(D) states that the court may award "the reasonable expenses ... caused by the failure [to provide discovery responses]." For example, if an interrogatory answer falsely denied the existence of discoverable information, the other party probably will have suffered expenses substantially beyond the cost of moving for sanctions after discovery of the falsehood. The injured party likely would have incurred expenses not only to discover the falsehood, but also to pursue, in preparation for trial, factual and legal avenues that it would not have pur-

sued if truthful responses had been provided. A court order requiring reimbursement of such expenses may be appropriate. *See Equal Employment Opportunity Comm'n v. Sears, Roebuck & Co.*

■ In contrast, providing "remedial" relief is not the principal purpose of the sanction of dismissal. It is not designed to make the injured party whole. Ordinarily, a court cannot justify dismissal as putting the injured party in the same position it would have been in if there had been no violation of the discovery rules. In other words, dismissal, in general, constitutes a penalty. Mere negligence does not warrant such a penalty. *See Moore's Federal Practice, supra,* ¶ 37.03[2.–5]. Dismissal under Rule 1–037(D) is appropriate only when a party's misconduct meets the minimum requirements set by our supreme court in *United Nuclear* for defaults under Rule 1–037(B). The court stated, "[Default] sanctions are to be imposed only in extreme cases and only upon a clear showing of willfulness or bad faith." 96 N.M. at 241, 629 P.2d at 317. " '[A]n appellate court's review should be particularly scrupulous lest the district court too lightly resort to this extreme sanction....' " *Id.* at 203, 629 P.2d at 279 (quoting with approval *Emerick v. Fenick Indus., Inc.,* 539 F.2d 1379, 1381 (5th Cir.1976)). *See Lopez v. Wal Mart Stores, Inc.,* 108 N.M. 259, 771 P.2d 192 (Ct.App.1989).

Nevertheless, "[w]hen a party has displayed a willful, bad faith approach to discovery, it is not only proper, but imperative, that severe sanctions be imposed to preserve the integrity of the judicial process and the due process rights of the other litigants." *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. at 241, 629 P.2d at 317. District courts have a *duty* to enforce compliance with rules of discovery, and they should not shirk from imposition of the sanction of dismissal. As the United States Supreme Court wrote in *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976):

There is a natural tendency on the part of reviewing courts, properly employing

the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened, so that even though he succeeds in having the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the district court.

But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that *these* respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts. [Emphasis in original.]

The similar attitude of our supreme court was clear when it affirmed the spectacular default judgment in *United Nuclear*.

We do not diminish the duty to order dismissal for misconduct when we point out that the district courts still must guard against a degeneration of litigation into the pursuit of a dismissal or default. We are impressed by the expressions of concern by both amicus briefs. This is not a matter of plaintiffs' bar versus defendants' bar. The Trial Lawyers' brief said:

[T]he discovery process, like the entire civil litigation process, remains a human enterprise, and allowances must be made for different interpretations of questions and answers alike. Were this Court's resolution of these appeals to result in a perception by the bar that every apparently-less-than-truthful answer provided in discovery may give rise to a motion for Rule 37(D) sanctions, then an avalanche of pro forma motions for sanctions will bury the district courts with tenuous charges that every perceived discovery discrepancy requires immediate, severe sanctions. Such a practice would also transform the discovery rules into something they are not and should not become—a sidestep of the normal procedures for dealing with false responses through the remedies of contempt and perjury. Such a practice would also undermine the essential purposes of discovery—to insure full access to information to make more fair the process of judicial resolution of disputes on their merits. [Citation omitted.]

The Defense Lawyers were in accord:

The greatest concern that amicus sees in the *Doanbuy* approach is the danger that litigants might well seize upon such a rule to attack every supposedly unsound discovery response as "amounting to no response at all," and thus demand not merely an order compelling discovery under Rule 1–037(A), but entry of sanctions under Rule 1–037(D). This concern is not a small one because, in the long shadow of the *United Nuclear* case, there is a reality in New Mexico that many cases get litigated from the first ring of the discovery bell as a project to achieve a default sanction. Rule 1–037 was never intended to become a tool that the skillful litigator, if he's just persistent enough, can utilize to achieve a victory that the merits of the case might never sustain. Moreover, trial courts' adjudication of discovery motions will only be complicated, and the resources consumed by the parties in the discovery process will be needlessly inflated, if every motion to compel under Rule 1–037(A) finds a need to contemporaneously demand entry of sanctions under Rule 1–037(D).

Yet despite these concerns, both amici state that dismissal may be an appropriate sanction for lying in interrogatory responses. We examine the specifics of this case to evaluate the district court's dismissal. We base our analysis on the district court's finding, which is supported by the record,

that plaintiff's false answers were made in bad faith.

In our view, two critical aspects of the falsehood in this case relate to the subject matter of the interrogatory answers. The answers (1) were not direct assertions of material elements of a claim or defense and (2) *did* deceive defendants about the existence of discoverable information that could be critical to preparation for trial. Obviously, whether an interrogatory answer satisfies these conditions is a matter of degree. A hypothetical example, however, may illustrate the distinctions being drawn and why they are material to the propriety of sanctions under Rule 1–037. Consider an interrogatory answer in which a party in an automobile accident case states that he was attentive and driving within the speed limit at the time of the crash. In that hypothetical situation, to determine that the answer was false, the court would have to preempt the trial itself and make a finding on a matter that would be essential to the claim or defense. In the absence of grounds for summary judgment, that task ordinarily should not be performed in response to a pretrial motion to dismiss or default a party, although perhaps a court properly could impose sanctions on the liar after trial. *Cf.* R. 1–037(C) (permitting court to order party to pay opposing party for reasonable expenses incurred to prove a matter that party did not admit in response to Rule 1–036 request for admission). In addition, in the hypothetical situation the party that served the interrogatory was not prejudiced in its *preparation* for trial by the false answer; on the contrary, the answer served the purpose of informing the interrogating party of contentions it needed to prepare to meet at trial. (In fact, because the answer did not conceal the existence of discoverable information, Rule 1–037(D) may not even apply, although we need not decide here whether in some cases a false answer is not tantamount to a failure to answer.)

█ In contrast, in this case the district court's determination that plaintiff lied did not preempt the fact-finding role of the trial in any substantial measure. The *existence* of the discoverable information was not an element of a claim or defense. Moreover, plaintiff's false answer could have undermined seriously defendants' preparation for trial by denying them a legitimate avenue of investigation into matters that were relevant, perhaps even dispositive, on the questions of causation and damages. Because the chief purpose of interrogatories is to facilitate preparation for trial, the imposition of sanctions should be guided by the extent to which that purpose has been obstructed. In short, the district court proceeding in this case (1) did not violate the policy in favor of deferring certain fact findings until trial and (2) did advance the policy in favor of facilitating trial preparation.

Another important consideration is that a false response to a discovery request, unlike other violations of the discovery rules, is a clandestine violation. Unresponsive answers, vague answers, and improper objections are all violations that are plain on their face. One who engages in such violations cannot reasonably expect to evade sanctions. If our district courts are vigilant to enforce the discovery rules and to fully compensate parties injured by violations, sanctions beyond compensation for expenses ordinarily will not be necessary for adequate deterrence. On the other hand, one whose false response conceals the existence of discoverable information may expect to evade sanctions. It is not enough to say that such a party will gain no advantage if the lie is uncovered. The sanction must be harsh enough that despite the low probability of getting caught, the risk of punishment outweighs the prospect of competitive advantage through lying. Although the possibility of a prosecution for perjury could be a major deterrent, we doubt that busy prosecutors will be interested often enough to make that sanction effective in encouraging veracity in discovery responses. The court also might impose a fine or even imprisonment as punishment for contempt; but we do not see why that penalty is preferable to a dismissal. A dismissal is directed more precisely at the advantage the liar hoped to gain by his falsehood. In addition, contempt penal-

ties may be inadequate to protect the party who received a false response; we must consider the possibility that the injured party, even though it has uncovered some falsehoods, may be disadvantaged by other lies still concealed by its adversary. "We are not only concerned with the constitutional right of the defaulted party to an opportunity to be heard on the merits, but also, with the equally fundamental constitutional right of the party who seeks discovery to a hearing which is meaningful." *United Nuclear Corp. v. General Atomic Co.*, 96 N.M. at 241, 629 P.2d at 317.

Finally, we address whether some penalty short of dismissal could act as a sufficient deterrent. Although lesser sanctions need not first be employed before a dismissal can be imposed, the district court must consider them if it is to be certain that dismissal is appropriate. *Id.* at 239, 629 P.2d at 315. If, for example, a party's violation of the rules of discovery was for the purpose of acquiring an advantage in just one aspect of the case, dismissal or default on only that issue might suffice as a sanction. Plaintiff's lies, however, obstructed discovery on the focal issues of causation and damages. Moreover, as the supreme court stated in *United Nuclear*, "A party cannot approach its obligation to make good faith discovery however it chooses as to certain matters, and at the same time expect to have the case proceed in a normal fashion as to other issues." *Id.* at 241, 629 P.2d at 317. This proposition is particularly appropriate when the party violated the discovery rules by lying, because one cannot be sure that all lies have been detected. The district court properly could have decided that no intermediate type of default would have been appropriate in this case.

We will not reverse a dismissal under Rule 1–037 unless, after reviewing the full record and the reasons the district court gave for its order, we are left with a " 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " 96 N.M. at 203, 629 P.2d at 279 (quoting *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 506

(4th Cir.1977), quoting *Finley v. Parvin/Dohrmann Co.*, 520 F.2d 386, 390 (2d Cir.1975)). After conducting the required review in this case, we cannot say that the district court committed such an error.

## ALLEGED PROCEDURAL DEFECTS

■ We next consider whether there were any procedural defects in the district court's dismissal of the complaint. Plaintiff argues that the dismissal had no factual basis because, contrary to Rule 26 (1st Dist.1986), N.M.Loc. & Fed.R.Hnbk. (1988), no affidavit verified the prior traffic citations and medical records upon which defendants relied in their motion for sanctions. We reject that argument. Plaintiff did not object in district court to consideration by the judge of the documents proffered by defendants. Moreover, plaintiff's briefs in district court admitted the accuracy of the documents. Thus, plaintiff not only has waived any right to object to the documents, *see State v. Silver*, 83 N.M. 1, 487 P.2d 910 (Ct.App.1971), she also has provided an independent ground for their admissibility by her judicial admissions.

■ Plaintiff also complains that the district court ordered a dismissal on the briefs alone, without a hearing before the court. Ordinarily such a hearing would be the best procedure before ordering such a severe sanction. In this case, however, there was no error. Plaintiff did not seek a district court hearing prior to this appeal, even in her motion for reconsideration after the district court ordered the dismissal. The failure to request a hearing may well have been a tactical decision. The only factual contentions made by plaintiff were (1) her failure to disclose the citations was not intentional, (2) she had cooperated in discovery by executing a medical release (which led to discovery of the prior accidents), and (3) she thought she had testified about the prior accidents at her deposition (a contention that turned out to be incorrect). Plaintiff may have thought that an evidentiary hearing on those matters would not be helpful, or even would be harmful, to her cause. In any event, plaintiff offered no excuse for her failure to answer

truthfully the interrogatories concerning prior accidents and surgeries. *United Nuclear* held that due process does not always require an evidentiary hearing before imposition of the sanction of default. 96 N.M. at 236–37, 629 P.2d at 312–13. *See Margoles v. Johns,* 587 F.2d 885 (7th Cir.1978). We believe that in the circumstances of this case the district court's failure to conduct a hearing was not such a fundamental violation of plaintiff's rights that she can raise the issue for the first time on appeal. *See* SCRA 1986, 12–216.

CONCLUSION

We affirm the dismissal of the complaint with prejudice. We grant the motion to sever Cause Nos. 10,020 and 10,505. Oral argument is unnecessary.

IT IS SO ORDERED.

BIVINS, C.J., and APODACA, J., concur.