870 P.2d 125

**Ricardo MEDINA, Plaintiff–Appellant,**

v.

**FOUNDATION RESERVE INSURANCE COMPANY, INC., Defendant– Appellee.**

**No. 20911.**

Supreme Court of New Mexico.

Feb. 16, 1994.

Houston Ross, Albuquerque, for plaintiff-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Thomas L. Johnson, Albuquerque, for defendant-appellee.

## OPINION

FROST, Justice.

This appeal requires us to determine whether the district court properly dismissed a complaint pursuant to SCRA 1986, 1-037 (Repl.Pamp.1992) for failure to comply with rules of discovery. Plaintiff–Appellant Ricardo Medina sued Defendant–Appellee Foundation Reserve Insurance Company, Inc. (Foundation) for bad faith in refusing to honor an insurance claim. The district court found that Medina willfully provided false discovery responses and disobeyed a discovery order, and it therefore dismissed Medina's action with leave to reinstate upon payment of sanctions and costs. We affirm.

In 1985, Medina allegedly suffered aggravation of pre-existing injuries when he was involved in a hit-and-run automobile accident. Medina filed a claim for his injuries under his uninsured motorist insurance policy with Foundation. In 1989, Medina received an arbitration judgment for $100,000 against Foundation for damages sustained in the automobile accident. Before the completion of

arbitration, Medina filed the present bad faith action against Foundation. In the present action, Foundation attempted to discover relevant information about Medina's background, including his employment and disability history, to demonstrate that Medina had been dishonest in the arbitration proceedings.[1]

In its motion to dismiss and on appeal, Foundation alleges that Medina deliberately violated court discovery orders and gave numerous false, evasive, incomplete, and misleading responses to discovery requests. Foundation contends that Medina's egregious misconduct constitutes a flagrant pattern of deception that justifies the sanction of dismissal. In support of its motion to dismiss, Foundation submitted to the district court a Summary of Evidence. This voluminous document compiles evidence explaining Foundation's discovery request; Medina's response to the request; how that response was false, deceptive, and misleading; and the relevance of the discoverable information to the proceeding.

On appeal, Medina asserts that his responses were not false. He also contends that dismissal was an inappropriate sanction under the requirements of *Sandoval v. Martinez*, 109 N.M. 5, 780 P.2d 1152 (Ct.App.), *cert. denied*, (July 27, 1989), because his incomplete discovery responses did not in fact deceive Foundation and they were not critical to Foundation's preparation for trial.

The district court conducted an extensive and thorough review of this matter before dismissing Medina's complaint with leave to reinstate on the condition that Medina pay Foundation for attorney's fees and costs "incurred in ferreting out Plaintiff's lies, and evasive and vague responses in discovery." After reviewing the parties' briefs and evidence, it found many specific instances of discovery violations by Medina, as well as a general, willful failure by Medina to meet his discovery obligations. The district court found:

1. Plaintiff willfully failed to meet his discovery obligations.

2. Plaintiff willfully provided false discovery responses.

3. Plaintiff willfully failed to fully obey the Court's Discovery Order of **January 28, 1992** regarding worker's compensation benefits.

4. Plaintiff failed to fully obey the Court's Order of **April 23, 1992** regarding authorizations.

5. Plaintiff failed to fully obey the Court's Order of **May 5, 1992** reflecting the oral orders of the Court at the **April 29, 1992** hearing regarding divorce and custody issues and his employment in 1982.

6. Plaintiff failed to meet Court imposed pre-trial deadlines.

7. Plaintiff's discovery responses deceived Defendant in that they concealed the existence of discoverable information.

(a) Plaintiff has a college education and has completed his first year in law school. He is evasive, not complete and his "I guess so" answers are willful and misleading. [No part (b) in original].

8. Plaintiff's responses were false in stating or implying that he had not been arrested[;] ... there were no additional documents concerning vocational evaluations or vocational rehabilitation[;] ... he had not been employed as an insurance salesman in 1982[;] ... there were no custody or divorce proceedings other than in California[; and] ... the total amount of worker's compensation benefits that he received was limited to approximately $55,-000.

. . . .

14. Plaintiff's responses are relevant to a crucial defense in this matter, i.e., that Plaintiff acted dishonestly and in bad faith in the underlying arbitration, which defense, if proven, would constitute a complete defense to Plaintiff's claims under UJI 13–1710 [SCRA 1986, 13–1710 (uniform jury instruction on policyholder's dishonesty as affirmative defense to bad faith claim) ].

. . . .

1. An insurance policyholder's intentional dishonesty regarding a material fact is an affirmative defense to bad faith. SCRA 1986, 13–1710 (Repl.Pamp.1991).

19.   Plaintiff's deception and falsehoods exhibit a pattern of willful evasion in his discovery obligations.

20.   Defendants have incurred expenses in ferreting out Mr. Medina's evasive and false answers to discovery.

■■ A district court may impose the sanction of dismissal for violation of discovery orders under SCRA 1–037(B) [2] when the failure to comply is due to the willfulness, bad faith, or fault of the disobedient party. *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, 202, 629 P.2d 231, 278 (1980), *appeal dismissed and cert. denied,* 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981). A willful violation of SCRA 1–037 occurs when there is a conscious or intentional failure to comply with the rule's requirements. *Id.* A finding of willfulness may be based upon either a willful, intentional, and bad faith attempt to conceal evidence or gross indifference to discovery obligations. *Lopez v. Wal–Mart Stores, Inc.,* 108 N.M. 259, 261, 771 P.2d 192, 194 (Ct.App.1989) (citing *United Nuclear,* 96 N.M. at 238, 629 P.2d at 314).

■■ The choice of sanctions under SCRA 1–037 lies within the sound discretion of the trial court, and it will be reversed only for an abuse of discretion. *Smith v. FDC Corp.,* 109 N.M. 514, 523, 787 P.2d 433, 442 (1990). While the severest of sanctions should be reserved for extreme circumstances, the district court does not abuse its discretion by imposing the sanction of dismissal when a party demonstrates flagrant bad faith and callous disregard for its responsibilities. *United Nuclear,* 96 N.M. at 239, 629 P.2d at 315. The district court is not required to impose lesser sanctions before it imposes the sanction of dismissal. *Id.*

■■ The district court expressly found that Medina willfully failed to comply with discovery obligations, willfully violated a discovery order, and repeatedly gave false and misleading information to Foundation. These findings are amply supported by our full-record review and our consideration of the totality of circumstances surrounding Medina's discovery violations. *See id.* at 203, 629 P.2d at 279. Under the dictates of *United Nuclear,* Medina's flagrant disregard for his discovery obligations clearly justifies the sanction of dismissal.

■■ We reject Medina's argument that under *Sandoval,* 109 N.M. at 11, 780 P.2d at 1158, dismissal is not an appropriate sanction unless discovery violations do in fact deceive the other party regarding information critical to preparation for trial. Deception or reliance in fact is not a prerequisite to dismissal under the terms of SCRA 1–037, and we do not read *Sandoval* as implying such a requirement. It would be ridiculous to allow a party who completely thwarts discovery to escape penalty simply because it could not be proven that other litigants were in fact deceived by such misconduct or actually relied upon it. Similarly, *Sandoval* does not require that in order for dismissal to be appropriate, information improperly withheld in discovery must be critical to trial preparation. While *Sandoval* does state that the imposition of sanctions should be guided by the extent to which preparation for trial has been obstructed, 109 N.M. at 11, 780 P.2d at 1158, this statement does not constitute a requirement that dismissal for discovery

2.   SCRA 1–037 states in relevant part:
    B.....
    (2) If a party ... fails to obey an order to provide or permit discovery, including an order made under Paragraph A of this rule or Rule 1–035, or if a party fails to obey an order under Rule 1–026, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...
    (c) an order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....
    In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure....
    ....
    D. .... If a party ... fails ...
    (2) to serve answers or objections to interrogatories submitted under Rule 1–033, after proper service of the interrogatories ...
    (3) ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under Subparagraphs (a), (b) and (c) of Subparagraph (2) of Paragraph B of this rule.

sanctions is preconditioned upon the ultimate importance of the false or deceptive information.

We emphasize that "[w]hen a party has displayed a willful, bad faith approach to discovery, it is not only proper, but imperative, that severe sanctions be imposed to preserve the integrity of the judicial process and the due process rights of the other litigants." *United Nuclear*, 96 N.M. at 241, 629 P.2d at 317. Medina's callous disregard for his discovery obligations is reprehensible. The decision of the district court is affirmed. This appeal is frivolous. Foundation is awarded $1,000 attorney's fees in addition to costs allowable under SCRA 1986, 12–403 (Supp.1993).

**IT IS SO ORDERED.**

RANSOM, C.J., and FRANCHINI, J., concur.