This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ROSEMARY GINKO,**

Plaintiff-Appellant,

v.                                                              **NO.   33,152**

**BRAD CUCCHETTI,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Mackie-Huling, District Judge**

Rosemary Ginko
Rio Rancho, NM

for Appellant

Miller Stratvert P.A.
Todd A. Schwarz
Albuquerque, NM

for Appellee

#### MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1} Rosemary Ginko (Plaintiff) appeals from a district court order denying her motion to reconsider the dismissal of her complaint. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. Plaintiff has also filed a "motion to request a different judge." Plaintiff's motion is hereby **DENIED**. We affirm the district court.

**ISSUES A THROUGH F**

{2} Plaintiff continues to challenge the district court's dismissal of her complaint as a sanction for discovery abuse. We review a district court's grant of Rule 1-037 NMRA sanctions for abuse of discretion. *Marchman v. NCNB Tex. Nat'l Bank*, 1995-NMSC-041, ¶ 51, 120 N.M. 74, 898 P.2d 709; *see Sandoval v. Martinez*, 1989-NMCA-042, ¶ 23, 109 N.M. 5, 780 P.2d 1152) ("We will not reverse a dismissal under Rule 1-037 unless, after reviewing the full record and the reasons the district court gave for its order, we are left with a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." (internal quotation marks and citation omitted)). In *Sandoval*, this Court determined that Rule 1-037 applies to false answers to interrogatories as well as to the failure to answer interrogatories. *Sandoval*, 1989-NMCA-042, ¶ 9. We have stated that "[t]he same logic leads us to conclude that the failure to properly supplement answers to interrogatories, or the refusal to answer

questions on matters ruled discoverable during a deposition, also falls within the ambit of Rule 1-037." *Allred v. Bd. of Regents of Univ. of N.M.*, 1997-NMCA-070, ¶ 19, 123 N.M. 545, 943 P.2d 579.

{3}      We recognize that the sanction of dismissal "may only be imposed when the failure to comply is due to the willfulness, bad faith[,] or fault of the disobedient party." *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 202, 96 N.M. 155, 629 P.2d 231.  Such a showing requires:

> (1) a clear showing of willfulness, bad faith, or other fault in the record;
> or (2) when the record is unclear, more explicit findings by the trial court
> (indicating that that court indeed found willfulness, bad faith, or other
> fault) that are then supported by substantial evidence in the record.

*Allred*, 1997-NMCA-070, ¶ 28. In this context, "willfulness" includes "any conscious or intentional failure to comply . . . as distinguished from accidental or involuntary non-compliance[.]"  *United Nuclear*, 1980-NMSC-094, ¶ 203 (first alteration in original) (internal quotation marks and citations omitted).  A finding of willful conduct may be supported by evidence of numerous discovery violations, or a consistent failure to supplement answers to interrogatories. *See, e.g.*, *Reed v. Furr's Supermarkets, Inc.*, 2000-NMCA-091, ¶¶ 22, 30, 129 N.M. 639, 11 P.3d 603; *Allred*, 1997-NMCA-070, ¶ 30.

{4}      In this case, the district court entered numerous findings that support dismissal on grounds of willfulness and bad faith.  [RP 1323]  These include false answers to

interrogatories, including the omission of twelve lawsuits that Plaintiff has been involved in. [RP 1324] She also failed to disclose that she made previous sexual harassment allegations against two other men. [RP 1325] She also presented the district court with an order that she falsely stated was approved by defense counsel. [RP 1325] She was instructed by the court to stop communicating with defense counsel, but continued to verbally abuse him and make physical threats. [RP 1326] In light of these and other similar findings made by the district court, we believe that the district court acted within its discretion in dismissing Plaintiff's complaint. The fact that the district court ruled against Plaintiff does not establish that the judge was biased or that the process was otherwise unfair. *See United Nuclear*, 1980-NMSC-094, ¶ 425 (stating that "[r]ulings adverse to a party do not necessarily evince a personal bias or prejudice on the part of the judge against it, even if the rulings are later found to have been legally incorrect").

**ISSUE G**

{5}     Plaintiff has challenged the award of costs to Defendant. A prevailing party is entitled to a costs award. *See generally Key v. Chrysler Motors Corp.*, 2000-NMSC-010, ¶ 6, 128 N.M. 739, 998 P.2d 575 (recognizing the presumption that the prevailing party is entitled to costs); *see also* NMSA 1978, § 39-3-30 (1966); Rule 1-054(D) NMRA (addressing the authority of the district court to award costs in civil proceedings). Although the presumption that a prevailing party is entitled to an award

4

of costs may be overcome by a showing of misconduct, bad faith, or abusive tactics, *see Gallegos v. Sw. Cmty. Health Servs.*, 1994-NMCA-037, ¶ 29, 117 N.M. 481, 872 P.2d 899, no such showing was made in this case. To the contrary, as indicated above, it was Plaintiff who acted in bad faith. As such, we do not believe that the district court erred in awarding costs to Defendant. *See Key*, 2000-NMSC-010, ¶ 7 (observing that the award of costs is reviewed for an abuse of discretion).

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**


_____

**J. MILES HANISEE, Judge**