*692 ISHEE, J.,
for the Court:
¶ 1. Frances Tucker filed suit in the Washington County Circuit Court against Delta Regional Medical Center (DRMC), claiming the hospital was liable for the wrongful death of her son, Kendrick Tucker. After many failed attempts by DRMC to obtain discovery responses from Tucker, DRMC filed a motion to dismiss the case with prejudice. The trial court set a hearing on the motion. When Tucker repeatedly failed to respond to the discovery requests and did not appear at the hearing, the trial court granted DRMC’s motion. Tucker appeals, claiming that the trial court abused its discretion when it dismissed the case with prejudice. We affirm the dismissal but reverse and render the judgment as a dismissal without prejudice.
STATEMENT OF THE FACTS
¶ 2. Following Kendrick’s death, Tucker filed suit in the trial court against DRMC for wrongful death on November 2, 2012. Thereafter, DRMC filed an answer to the suit and made several discovery requests. When multiple discovery requests went unanswered, DRMC sent an email to Tucker’s counsel on July 2, 2013, inquiring about the late discovery responses. Tucker’s counsel replied to the email stating that Tucker’s responses would be produced by August 20, 2013. Tucker’s discovery responses were not submitted on the promised date. DRMC again corresponded with Tucker’s counsel demanding responses to the discovery. Tucker’s counsel never complied. Due to the failed discovery requests, DRMC filed a motion on October 23, 2013, requesting that the trial court compel Tucker to respond to and participate in discovery.
¶ 3. A hearing was set for December 16, 2013, to address the failed discovery requests. A few days before the hearing, Tucker’s counsel called DRMC’s counsel and asked for a continuance. DRMC’s counsel agreed, and a new hearing date was set for January 21, 2014. However, Tucker and her counsel failed to appear for the hearing and did not respond to discovery requests. Hence, the trial court granted DRMC’s motion to dismiss on January 24, 2014, and dismissed the action with prejudice. Aggrieved, Tucker filed the instant appeal.
STANDARD OF REVIEW
¶ 4. “The standard of review this Court applies to a trial court’s dismissal of an action with prejudice as a result of a discovery violation is abuse of discretion.” Beck v. Sapet, 937 So.2d 945, 948 (¶ 6) (Miss.2006) (citing Salts v. Gulf Nat’l Life Ins., 872 So.2d 667, 670 (Miss.2004)). In determining whether a judgment fell within the discretion of the trial court, we first ask “if the [trial] court ... applied the correct legal standard.” City of Jackson v. Rhaly, 95 So.3d 602, 607 (¶ 10) (Miss.2012) (citing Amiker v. Drugs For Less, Inc., 796 So.2d 942, 948 (¶24) (Miss.2000)). If the trial court applied the correct legal standard, “then this Court will consider whether the decision was one of several reasonable ones which could have been made.” Id. (citation omitted).
DISCUSSION
¶ 5. Tucker argues that the trial court’s dismissal with prejudice constituted an extreme punishment and was an abuse of the court’s discretion. Tucker reasons that while dismissal was within the authority of the trial court, the court should have considered less severe sanctions.
¶ 6. Conversely, DRMC contends that dismissal with prejudice was proper according to Rule 37 of the Mississippi Rules of Civil Procedure as well as Uniform Circuit and County Court Rule 1.03. *693 Under Rule 37(b), sanctions may be made by the ■ trial court when a party' fails to comply with an order to provide discovery. M.R.C.P. 37(b). Furthermore, the trial court may impose sanctions for a party’s failure to respond to discovery requests. M.R.C.P. 37(d). The trial court has discretion in imposing sanctions for discovery violations, and the provisions in. Rule 37 “are designed to give the court great latitude” in dismissal for the “orderly expedition of justice” within the court. Rhaly, 95 So.3d at 607 (¶ 10) (citing Amiker, 796 So.2d at 948 (¶ 24)).
¶ 7. While Rule 37 clearly gives'the trial court discretion to impose sanctions for discovery violations, “the Mississippi Supreme Court has established factors the court must evaluate when considering dismissal as [a] punishment.” Chambers v. Brown, 66 So.3d 1269, 1272 (¶ 12) (Miss.Ct.App.2011); see also Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1389 (Miss.1997). The factors to be considered when determining if the trial court’s decision was proper include:
(1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of [Mississippi] Rule [of Civil Procedure] 37 could ... have been achieved through lesser sanctions; (3) whether the other party’s trial preparation [was] prejudiced; (4) whether the failure to comply [was] attributable tp the party itself, or [the party’s] attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court’s order.
Young v. Merritt, 40 So.3d 587, 589-90 (¶ 10) (Miss.Ct.App.2009) (citing Beck, 937 So.2d at 946. (¶ 6)). We will address each of the five factors to determine whether the trial court abused its discretion.
¶ 8. First, Tucker claims there is no evidence of willfulness or an inability to comply because there was not a court order with which to comply. Nonetheless, the supreme court noted in Pierce that a finding of willfulness does not necessitate the existence of a court order; rather, it can be based upon a bad-faith attempt to comply with discovery obligations. Pierce, 688 So.2d at 1390 (citing Medina v. Foundation Reserve Ins., 117 N.M. 163, 870 P.2d 125 (1994)). The supreme court cited Medina for the contention that it is not an abuse of the court’s discretion to impose the sanction of dismissal when a party has a “callous disregard- for its. responsibilities.” Id.
¶ 9. It is undisputed that Tucker and her counsel disregarded demands from opposing counsel for the discovery requests and made empty promises to produce the responses. Iri sum, we find that Tucker and her counsel exhibited obvious disregard of their responsibilities. Accordingly, Tucker’s claim regarding the lack of a court order is moot and the conduct in question was undoubtedly willful.
¶ 10. Second, regarding the deterrent value of Rule 37, Tucker argues that the trial court’s judgment was too harsh and that a lesser sanction would have equally fulfilled Rule. 37’s . purpose. Tucker also asserts .that dismissal with prejudice .is only proper ■ when it is used as a last resort. The court in Rhaly stated: “Dismissal with prejudice is a sanction that should be imposed only in those rare-instances where the conduct of a party is so egregious that no other sanction will meet the demands of justice.” City of Jackson v. Rhaly, 95 So.3d 657, 664 (¶ 22) (Miss.Ct.App.2011) (citing Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990, 997 (¶ 26) (Miss.1999)).
¶ 11. It is clear that applicable rules and caselaw granted the trial court authority to. dismiss the case due to Tucker’s *694 failure to comply with discovery requests. However, we acknowledge that the trial court had not yet attempted any other means by which to gamer the responses, including a court order. When considering Bhaly, we find that lesser sanctions could have- been imposed to meet both the demands of justice and the deterrent purpose of Rule 37. We will address the appropriate sanction after concluding our analysis of the five factors.
¶ 12. The third and fifth factors are not applicable because a trial date was not set and there was not an existing court order compelling discovery.
¶ 13, With respect to the fourth factor, Tucker argues that her failure to comply with DRMC’s discovery requests was wholly due to her attorney’s neglect and not her own. That said, there is no evidence in the record supporting Tucker’s argument — only her bare assertions on appeal. Hence, while we acknowledge Tucker’s argument as a possibility, because it is an unsubstantiated claim, we decline to address the merits of this factor.
¶ 14. It is undisputed that Tucker and her counsel were directed on many occasions by opposing counsel and by the trial court to respond to DRMC’s discovery requests. After months of their ignoring such mandates and offering empty promises to comply, the trial court held a hearing on the matter that Tucker and her counsel declined to attend. Tucker missed discovery deadlines, and failure tó appear before the trial court resulted in numerous violations.
¶ 15. We cannot say that such flagrant disregard for civil procedure did not justify a ⅜-ong sanction from the trial court. Furthermore, based on the applicable rules and caselaw discussed above, dismissal was within the trial court’s authority. Nonetheless, we find- that a dismissal with prejudice was an abuse of the trial court’s discretion in this case. The lesser sanction of dismissal without prejudice adequately deters such willfully . egregious behavior while also taking into account the possibility that Tucker’s counsel, as opposed to Tucker individually, may have been at fault. Accordingly, we affirm the trial court’s dismissal, but we reverse and render the judgment as a dismissal without prejudice.
¶ 16. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DISMISSING THE APPEL-LEE’S MOTION IS AFFIRMED. THE DISMISSAL WITH PREJUDICE IS REVERSED AND RENDERED AS A DISMISSAL WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPEL-LEE.
LEE, C.J., IRVING, P.J., BARNES, FAIR AND GREENLEE, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND WILSON, J. JAMES, J., NOT PARTICIPATING. ' ' '