| VALENZUELA V. SNYDER |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**FRANCISCO VALENZUELA and RACHEL VALENZUELA,**
**Plaintiffs-Appellees,**
**v.**
**ALLAN D. SNYDER and SHERRY L. SNYDER,**
**Defendants-Appellants.**

Docket No. A-1-CA-37457
COURT OF APPEALS OF NEW MEXICO
March 11, 2019

APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY, David Peter Reeb Jr., District Judge

**COUNSEL**

Gary C. Mitchell, Ruidoso, NM, for Appellees

Allan D. Snyder, Sherry L. Snyder, Greeley, CO, Pro Se Appellants

**JUDGES**

LINDA M. VANZI, Judge, wrote the opinion. WE CONCUR: KRISTINA BOGARDUS, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendants, who are self-represented, are appealing from a district court judgment entering default against them and granting the relief requested in Plaintiffs' quiet title complaint. We issued a calendar notice proposing to affirm. Defendants have responded with a memorandum in opposition. We affirm.

**{2}** Defendants' dismissal was based on the refusal to engage in discovery. [RP 577] Our Supreme Court has held that, even where a party violates a court order— conduct

which, in addition to a discovery violation, constitutes contempt of court— "such discovery sanctions [i.e., dismissal with prejudice or default judgment] are to be imposed only in extreme cases and only upon a clear showing of willfulness or bad faith. That principle is well-established in this jurisdiction; it is universally recognized in American jurisprudence; and it is fundamental to the constitutional right of due process." *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 396, 96 N.M. 155, 629 P.2d 231; *see* Rule 1-037(B)(2)(d) NMRA (providing that, in addition to any other discovery sanctions, a district court may treat the failure to comply with an order providing for the production of discovery as contempt of court). "A finding of willfulness may be based upon either a willful, intentional, and bad faith attempt to conceal evidence or gross indifference to discovery obligations." *Medina v. Found. Reserve Ins. Co.*, 1994-NMSC-016, ¶ 6, 117 N.M. 163, 870 P.2d 125.

**{3}** Here, Defendants refused to engage in discovery, and Plaintiffs requested a default judgment as a sanction. [RP 577] The district court denied Plaintiffs' request, but ordered attorney fees and gave Defendants twenty-one days to answer discovery. [RP 577] Almost two months later Plaintiffs again requested a default judgement. [RP 577] The district court found it was "obvious" that Defendants' response to the motion indicated that they will not comply with any order directing them to engage in discovery. [RP 577] As such, the district court determined that the willful, bad faith threshold had been met. Because this case has the requisite evidence to support the *United Nuclear* standard, our calendar notice proposed to affirm.

**{4}** In their memorandum in opposition, Defendants argue that they should not have been required to engage in discovery, because the complaint should have been dismissed. However, a party is not allowed to ignore orders of a court simply because they believe the underlying action should have been dismissed—this is not a situation where Defendants asserted that some information should not have been disclosed, based on privilege or other reasons. Instead, Defendants' remedy was to request dismissal, and then pursue interlocutory review or subsequent direct appeal from the denial of that order. Because Defendants have essentially conceded the *United Nuclear* issue, they have not established that the district court erred.

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**