This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

NO. A-1-CA-37874

**DANIELA BOWMAN,**

Plaintiff-Appellant,

v.

**JOHN MANFORTE, in his capacity as Acting Secretary of the NEW MEXICO TAXATION AND REVENUE DEPARTMENT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Daniela Bowman
Santa Fe, NM

Pro Se Appellant

Cordelia Anna Friedman
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Plaintiff appeals, pro se, from a district court order dismissing her complaint for refund of taxes. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

**{2}** The dismissal of Plaintiff's complaint was based on the refusal to comply with discovery orders. [RP 384] She continues to argue that the requested information was

privileged and not subject to discovery. We are unpersuaded by Plaintiff's memorandum in opposition.

{3}     Our Supreme Court has held that, even where a party violates a court order, conduct which, in addition to a discovery violation, constitutes contempt of court, "such discovery sanctions[, i.e., dismissal with prejudice or default judgment,] are to be imposed only in extreme cases and only upon a clear showing of willfulness or bad faith. That principle is well-established in this jurisdiction; it is universally recognized in American jurisprudence; and it is fundamental to the constitutional right of due process." *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 396, 96 N.M. 155, 629 P.2d 231; *see* Rule 1-037(B)(2)(d) NMRA (providing that, in addition to any other discovery sanctions, a district court may treat the failure to comply with an order providing for the production of discovery as contempt of court). "A finding of willfulness may be based upon either a willful, intentional, and bad faith attempt to conceal evidence or gross indifference to discovery obligations." *Medina v. Found. Reserve Ins. Co.*, 1994-NMSC-016, ¶ 6, 117 N.M. 163, 870 P.2d 125.

{4}     Here, Plaintiff filed a complaint for a tax refund from the Taxation and Revenue Department [Department] based on her claim that she was an employee, and not an independent business, and therefore not required to pay gross receipts taxes. [RP 1] *See* NMSA 1978, § 7-9-17 (1969) (exempting employee wages from gross receipt taxes). The Department filed a motion to compel discovery, seeking a copy of Defendant's federal tax return on the ground that her alleged employer issued Plaintiff a 1099 form; the Department suspected that the federal return might show that she took deductions consistent with having business income rather than wage income. [RP 88-89] The district court twice ordered Plaintiff to provide the Department with a copy of the federal return, but she refused, resulting in the dismissal of her complaint. [RP 116, 188, 384]

{5}     Plaintiff has asserted below, and now on appeal, that her federal returns were privileged under Rule 11-502 NMRA and NMSA 1978, Section 7-1-4.2 (2017). Rule 11-502(A) shields reports from discovery requests where there is a statutory privilege. Plaintiff claims that the applicable privilege is found in Section 7-1-4.2, which provides "the right to have the taxpayer's tax information kept confidential unless otherwise specified by law, in accordance with [NMSA 1978,] Sections 7-1-8 through 7-1-8.11 [(1965, as amended through 2019).]" It is plainly apparent reading these statutory provisions together that these rights and exceptions relate to the Department's ability to release information in its possession. For example, Section 7-1-8.4 permits the Department to release tax information to a court if the proceeding involves a tax protest. The orders compelling production here do not relate to the Department's obligations with respect to information it has in its possession. Instead, Plaintiff's complaint has placed her federal returns at issue, because she appears to be claiming inconsistent status in her state and federal returns. *See Stohr v. N.M. Bureau of Revenue*, 1976-NMCA-118, ¶ 8, 90 N.M. 43, 559 P.2d 420 ("The taxpayer must not attempt to show one scheme for federal tax purposes, and a nontaxable event for purposes of state gross receipts tax."). We also reject Plaintiff's complaint that the Department was

subject to any limitations period that would govern an audit. [DS 11] Plaintiff initiated this lawsuit, and the very nature of the complaint has made her federal return information a relevant and non-privileged matter for purposes of discovery. *See* Rule 1-026(B)(1) NMRA (providing that "[p]arties may obtain discovery of any information, not privileged, which is relevant to the subject matter involved in the pending action.").

**{6}** In her memorandum in opposition, Plaintiff relies on *Breen v. New Mexico Taxation & Revenue Dep't*, 2012-NMCA-101, 287 P.3d 379, for the proposition that taxpayer's information is privileged and not subject to discovery. However, *Breen* involved a non-party to the lawsuit, and it was specifically observed that such information is not privileged where a party is involved in a taxation dispute with the Department. *Id.* ¶ 27.

**{7}** In light of Plaintiff's willful and repeated refusals to comply with the district court's orders, we affirm.

**{8}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**