# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01697-SCT
## CONSOLIDATED WITH
## NO. 2001-CA-00021-SCT

*MICHAEL SALTS, ALICE MARIE SALTS AND SALTS
FUNERAL HOME, INC.*

*v.*

*GULF NATIONAL LIFE INSURANCE COMPANY,
PHILLIP DUNCAN, STAN HOWELL, WILLIAM
McDONALD AND PRENTISS FUNERAL DIRECTORS,
INC. d/b/a BOONEVILLE FUNERAL HOME*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/12/2002 |
| TRIAL JUDGE: | HON. BOBBY BURT DeLAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | K. DAVID SAWYER |
| | SCOTT WATSON WEATHERLY, JR. |
| ATTORNEYS FOR APPELLEES: | MICHAEL A. HEILMAN |
| | CHRISTOPHER THOMAS GRAHAM |
| | MARC A. BIGGERS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 05/06/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Plaintiffs Michael and Alice Marie Salts and Salts Funeral Home, Inc. appeal from the judgment

of the trial court which dismissed, with prejudice, their lawsuit against Gulf National Life Insurance Co.,

Phillip Duncan, Stan Howell, William McDonald and Prentiss Funeral Directors, Inc. d/b/a Booneville

Funeral Home, pursuant to Miss. R. Civ. P. 37, when they failed to submit to their depositions as previously ordered by the trial court. Because we find no abuse of discretion in the entry of this order of dismissal, we affirm the judgment of the Circuit Court of the First Judicial District of Hinds County.

## FACTS AND PROCEEDINGS
## IN THE TRIAL COURT

¶2. The following statement of facts is taken verbatim from one of our prior opinions in this litigation, *Salts v. Gulf National Life Ins. Co.* 849 So.2d 848 (Miss. 2002):

> On January 30, 1990, Michael Salts, Alice Marie Salts, and Salts Funeral Home, Inc. ("the Salts") and Gulf National Life Insurance Company ("Gulf National") entered into an exclusive written agreement whereby the Salts agreed to sell Gulf National life and burial insurance policies in the Tupelo trade area, particularly in Prentiss County, Mississippi. On June 28, 1996, the Salts filed a complaint in the Hinds County Circuit Court, First Judicial District, alleging that Gulf National, d/b/a Selected Funeral Insurance Company, had denied the exclusivity of their agreement and entered into conflicting contracts with others. Ultimately seven defendants were named and, after two and a half years of discovery disputes and an interlocutory appeal to this Court on the question of venue[1], the Hinds County Circuit Court granted Gulf National's motion to dismiss on the grounds that the Salts had willfully failed to comply with the court's order to submit to depositions on February 2-3, 2000. Aggrieved by that order, the Salts appealed, asserting as their sole assignment of error that it was an abuse of discretion for the trial court to grant Gulf National's motion to dismiss. . . .

> On July 17, 2000, after four years of procedural turmoil punctuated by innumerable examples of failure to communicate, with each side blaming the other, this case came before the Hinds County Circuit Court for hearing on Gulf National's motion to dismiss which alleged that the Salts repeatedly attempted to thwart discovery and failed to comply with court orders. Argument was heard from attorneys representing the Salts, as well as attorneys representing defendants Gulf National, Jeremiah O'Keefe, Booneville Funeral Home, Phillip Duncan and "a couple of more individuals named as defendants."

---

[1]*See Salts v. Gulf Nat'l Life Ins. Co.*, 743 So.2d 371 (Miss. 1999), in which this Court reversed and remanded the trial court's order which changed venue to the Prentiss County Circuit Court.

On December 4, 2000, the Hinds County Circuit Court entered an order of dismissal on the motion. . . .

Gulf National filed its motion to dismiss on February 11, 2000. On February 28, 2000, defendants Prentiss Funeral Home Directors, Inc., Philip Duncan, William McDonald, and Stan Howell filed their joinder in Gulf National's motion to dismiss. Named defendants not participating in the joinder included Jerry O'Keefe, the CEO of Gulf National, and the Estate of James C. Maxey (the President of Gulf National, who died during the proceedings).

The appellate record shows no filings by defendants other than Gulf National between February 28, 2000, and December 4, 2000, when the motion to dismiss was granted. As is apparent, the order of dismissal mentioned no other defendants. Nothing in the record before the Court indicates a Rule 54(b) certification of the order of dismissal. And none of the parties raised this omission as an issue on appeal.

*Id*. at 849-50. Finding that the order of dismissal "neither explicitly dismissed all of the defendants in the action, nor was it certified as a final judgment under Miss. R. Civ. P. 54(b)," this Court dismissed the appeal because it was not properly before the Court. *Id.* at 849.

¶3.    On September 12, 2002, Gulf National Life Insurance Company filed a Motion for Clarification and Entry of Final Order of Dismissal in the circuit court on the ground that the plaintiffs had failed to cooperate in the discovery of this case. Circuit Judge Bobby DeLaughter entered a final judgment on September 16, 2002, dismissing, with prejudice, all of the plaintiffs' claims against all of the defendants. After the circuit court denied their motion to reconsider, the plaintiffs timely filed their notice of appeal with this Court raising only one issue for consideration: Whether pursuant to Miss. R. Civ. P. 37, the Hinds County Circuit Court abused its discretion when it dismissed the plaintiffs' lawsuit for discovery violations.

**DISCUSSION**

¶4. "Trial courts have considerable discretion in discovery matters and decisions will not be overturned unless there is an abuse of discretion." ***Robert v. Colson***, 729 So.2d 1243, 1245 (Miss. 1999) (citing ***Dawkins v. Redd Pest Control Co.***, 607 So.2d 1232, 1235 (Miss. 1992)). When this Court reviews a decision that is within the trial court's discretion, it must first determine if the court below applied the correct legal standard. ***Scoggins v. Ellzey Beverages, Inc.***, 743 So.2d 990, 996 (Miss. 1999). "If the trial court applied the right legal standard, then this Court will affirm a trial court's decision unless there is a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.'" ***Id.*** (citing ***Pierce v. Heritage Props., Inc.***, 688 So.2d 1385, 1388 (Miss. 1997) (quoting ***Cooper v. State Farm Fire & Cas. Co.***, 568 So.2d 687, 692 (Miss. 1990)). Pursuant to Miss. R. Civ. P. 37(b)(2)(C) which states:

(b)(2) Sanctions by Court in Which Action Is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify in behalf of a party fails to obey an order to provide or permit discovery, including an order made under subsection (a) of this rule, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> (C) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding or any part thereof*, or rendering a judgment by default against the disobedient party. . . .

(emphasis added), a trial judge may, in appropriate cases, impose the sanction of "dismissing the action or proceeding or any part thereof." However, this Court has recognized that "in deciding to impose a drastic sanction as dismissal, the defendant's own dilatory conduct may become a relevant and mitigating factor if deemed outside the realm of reasonableness and acceptability." ***Palmer v. Biloxi Reg'l Med. Ctr., Inc.***, 564 So.2d 1346, 1370 (Miss. 1990).

4

¶5.    The plaintiffs argue that the trial court abused its discretion in dismissing their action with prejudice against Gulf National and the other defendants. The plaintiffs contend that counsel for Gulf National unilaterally scheduled all hearings and failed to respond to discovery propounded to them in 1997. The plaintiffs state that they have repeatedly sought the assistance of the Hinds County Circuit Court but have been unable to have their outstanding motion to compel discovery set for a hearing.

¶6.    As a result of an order signed by Circuit Judge W. Swan Yerger, and agreed to by counsel for the parties, the plaintiffs and other witnesses were to submit to depositions on specified dates in February, 2000; however, the plaintiffs failed to appear and be deposed.  The plaintiffs argue that they did not wilfully fail to comply with the agreed order, but that they merely misunderstood the order. The plaintiffs and their counsel argue that the parties intended the order to state that if Gulf National failed to turn over to the plaintiffs their outstanding discovery responses, the plaintiffs would not be obligated to attend the scheduled depositions. The plaintiffs' counsel contend that it was the fault of Gulf National's attorneys that they did not attend the depositions, and that one of their attorneys mistakenly signed the agreed order without conferring with co-counsel; therefore, the true intent of all parties was not stated in the order. Because Gulf National did not answer the propounded interrogatories, the plaintiffs' attorneys did not allow them to submit to the depositions.

¶7.    The plaintiffs argue that the extreme sanction of dismissal was improper because the order of the trial court did not indicate that lesser sanctions were ever considered. The plaintiffs also contend Gulf National was not prejudiced in any way by the plaintiffs continuing the scheduled depositions.

¶8. Gulf National argues the trial court was correct in dismissing the plaintiffs' claim with prejudice, asserting inter alia:

> In its order of December 1, 2000, the Hinds County Circuit Court dismissed the Salts' claim with prejudice and stated that it was granting the motion, "for the reasons and arguments set forth by [Gulf National]." The reasons adopted by the lower court include the procedural history of the lawsuit demonstrating the six (6) previous attempts that Gulf National had made to take the depositions of the Salts and the fact that the Salts had violated a court order. Under these circumstances, the court clearly had authority to dismiss the Salts' case pursuant to Rule 37.

Gulf National argues the plaintiffs' counsel was fully aware of the contents of the agreed order because they made numerous changes to the order before signing it. Counsel for the plaintiffs also filed a motion for a protective order to prevent the plaintiffs from having to submit to a deposition on the scheduled dates listed in the order; therefore, counsel was aware that the plaintiffs' attendance had been required by the circuit court.

¶9. Gulf National contends the trial court did consider all possible sanctions. The order stated that the trial judge was relying on all arguments set forth in Gulf National's Motion to Dismiss, Memorandum Brief in support of the motion and the Rebuttal in support of the motion. In Gulf National's motion to dismiss, Gulf National asked the trial court to consider other sanctions in the alternative; therefore, the trial court considered other sanctions and rejected those sanctions in favor of dismissal with prejudice. Gulf National also argues that it was substantially and materially prejudiced by the plaintiffs' repeated attempts to thwart the discovery process.

6

¶10.    The order, entered on January 24, 2000, which was signed by Judge Yerger, and agreed to and approved by one of the attorneys for the plaintiffs and for Gulf National, clearly and unequivocally directed inter alia, that:

> depositions of the Plaintiffs and other witnesses hereafter noticed shall take place beginning February 2, 2000, and continue from day to day through February 4, 2000, until completed. In addition, the week of February 7, 2000 shall be set aside for the taking of depositions in this case. The time and place of the depositions shall be agreed upon between the parties.

During the hearing on Gulf National's Motion to Dismiss which was held on July 17, 2000, Circuit Judge Breland Hilburn presiding, the plaintiffs again argued that they did not submit to the scheduled depositions because Gulf National had not fully answered their discovery requests. A review of the transcript of this hearing reveals the following:

> BY THE COURT:    Mr. Weatherly, I want to ask you one question. ***I'm having difficulty following your argument that discovery is not complete and that you are, therefore, not prepared for a deposition of your clients. I'm having a struggle with how that varies or nullifies the effect of a court order that you would submit to a deposition.***
>
> WEATHERLY:    Well, Judge, the crux of it is that this discovery is something that we would need to prepare them for the deposition because it's going to contain documents that we believe would have a lot to do with their counterclaims against Mr. and Ms. Salts, and we need to have those documents to properly prepare them. The court order should have also contained a sentence that said that there were numerous discussions about, yes, we will agree to February 2nd if you answer our discovery prior to that date, and that was my error in that regard that I signed that order. I thought that Mr. Sawyer and Mr. Heilman had everything agreed to and that that matter would be taken care of.

7

|  | The discovery was not answered, and that was the basis for the motion to continue the deposition that was filed January 31st; that they've not answered the discovery , and so I hope I've answered you. |
|---|---|
| BY THE COURT: | *I still don't follow your logic of how you're able to use this as a reason for not abiding by the directives of the Court.* Those certainly should have been arguments that were raised prior to the execution of this order or either it's something that should have been brought to the Court's attention where this order would have been vacated by the Judge, but *I have a real struggle with your unilaterally deciding you're not going to comply with what is seemingly a very clear provision of the order.* |
|  | ****** |
|  | *I have never heard of filing a motion as being a release from the mandate of an order unless that motion is heard and a decision is made. That's the problem that I'm having.* I understand your arguments and your complications that you're representing to the Court result from not having discovery, but *we still get to the point that there was an order in force which was never changed.* |

(emphasis added). Judge Hilburn could not have made it any clearer – reasons and/or excuses notwithstanding, counsel never offered Judge Hilburn any plausible reason to justify ignoring a court order.

¶11.    At this same hearing, Mr. Heilman, counsel for Gulf National, testified that all discovery had been produced to the plaintiffs' attorneys.

| BY HEILMAN: | The documents have been produced. I don't have any question in my mind about that. If Mr. Sawyer doesn't have them and Mr. Weatherly doesn't have them, I don't have a clue. Mr. and Ms. Salts' lawyer somewhere out there will have them. |
|---|---|

Considering the arguments of counsel presented during the hearing and briefs submitted in support of the motion, the trial court quite appropriately granted Gulf National's motion and dismissed, with prejudice, the plaintiffs' action against all defendants.

¶12.     In *Pierce v. Heritage Properties, Inc.*, 688 So. 2d 1385 (Miss. 1997), this Court adopted the holding of the United States Court of Appeals for the Fifth Circuit in *Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511 (5th Cir. 1985), which determined the appropriateness of dismissal as a sanction for failure to make discovery:

> First, dismissal is authorized only when the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply. Dismissal is proper only in situation [sic] where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

*Pierce*, 688 So.2d at 1389 (quoting *Batson*, 765 F.2d at 514 (citations omitted)).

¶13.     In *Pierce*, this Court affirmed the trial court's dismissal with prejudice after finding that "the trial court's sanction against Pierce was warranted to protect the integrity of the judicial process due to Pierce's abuse of the discovery process and presentation of false testimony." 688 So.2d at 1387. This Court determined Pierce's conduct of willfully concealing the fact that another person was present when she was injured constituted bad faith. *Id.* at 1390. The Court also held that "there is no requirement that the defendant be substantially prejudiced by the absence of evidence." *Id.* at 1391. Finding no abuse of discretion by the trial court, this Court affirmed the trial court's dismissal. *Id.* at 1392.

9

¶14.    In *Scoggins v. Ellzey Beverages, Inc.*, 743 So. 2d 990 (Miss. 1999), this Court affirmed the trial court's dismissal pursuant to Miss. R. Civ. P. 37, finding that Scoggins had repeatedly misrepresented her medical history. The trial court, recognizing its duty to impose the least severe sanction available and considering all available sanctions, found "'no other sanction that would accomplish the purpose for which the sanction is imposed.'" *Id.* at 993 (citing the trial court). Following the holding of *Pierce*, the Court determined that the trial court did not abuse its discretion in finding "that Scoggins's failure to comply with Ellzey's discovery requests was willful and that Scoggins's attempts to explain her misconduct were not credible were supported by substantial evidence in the record." *Id.* at 996. Therefore, this Court affirmed the dismissal by the trial court. *Id.*

¶15.    In *Wood v. Biloxi Public School District*, 757 So. 2d 190 (Miss. 2000), we reversed the trial court's dismissal finding that the case was distinguishable from *Scoggins* and *Pierce*, in that the "trial court's ruling [was] based upon a *single* alleged untruthful response in an interrogatory." 757 So.2d at 191 (emphasis added). We also determined that it was "not established that Wood knowingly made a false statement and it [was] certainly not established that he submitted a pattern of false responses under the facts here, and apply[ing] our precedent case law, other more appropriate sanctions should be considered by the lower court." *Id.* at 191-92. Therefore, we reversed the dismissal and remanded the case for trial. *Id.* at 195.

¶16.    In *Gilbert v. Wal-Mart Stores, Inc.*, 749 So. 2d 361 (Miss. Ct. App. 1999), the Court of Appeals affirmed the trial court's dismissal with prejudice after Gilbert failed to appear at his deposition. The Court of Appeals found Gilbert's actions to be willful, in bad faith and prejudicial to Wal-Mart's

10

preparation for trial. *Id.* at 366. After receiving notice of his deposition from Wal-Mart, Gilbert, in response, mailed a list of demands to be met before he would consent to having his deposition taken.*Id.* at 363. Wal-Mart did not comply with Gilbert's demands; therefore, Gilbert did not appear for his scheduled deposition. *Id.* Wal-Mart immediately filed a motion for sanctions. *Id.* The trial court entered an order which stated, inter alia, if Gilbert did not appear for his scheduled deposition, "'this Court, without necessity of further notice to plaintiff, will enter an order fully and finally dismissing the Complaint and all parties to this action with prejudice.'" *Id.* (citing the trial court's Order). After Wal-Mart renoticed Gilbert's deposition, once again Gilbert failed to appear. The trial court then dismissed the action with prejudice. Finding that the trial court's dismissal was not an abuse of discretion and was within the bounds of Miss. R. Civ. P. 37, the Court of Appeals affirmed the decision of the trial court. *Id.* at 366.

¶17.    Of particular import is our recent decision in *Bowie v. Montfort Jones Memorial Hospital*, 861 So.2d 1037 (Miss. 2003). In *Bowie*, the trial judge granted summary judgment for the defendants in a medical malpractice case, after the plaintiffs failed to comply with the trial court discovery order concerning timely designation of expert witnesses. Without this expert designation and affidavit, the plaintiffs were unable to make out a prima facie case of medical malpractice sufficient to withstand a summary judgment motion. *Id.* at 1040. En route to upholding the trial court's grant of summary judgment for failure to comply with the discovery order, we stated inter alia:

> Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. Our trial judges also have a right to expect compliance with their orders, and when parties and/or

11

attorneys fail to adhere to the provisions of these orders, they should be prepared to do so at their own peril (citations omitted).

**********

While the end result in today's case may appear to be harsh, litigants must understand that there is an obligation to timely comply with the orders of our trial courts.

861 So.2d at 1042-43.

¶18. Returning to today's case, the plaintiffs filed their initial complaint against Gulf National and other defendants in 1996. After the trial court was made aware of the problems with scheduling depositions, it entered an order setting the depositions of the plaintiffs for February 2, 2000. Whether it was their decision or on advice from their attorneys, the plaintiffs chose to disregard the order and did not submit themselves for their scheduled depositions. This was a willful failure to comply with the court's order. By not being able to take the deposition of the plaintiffs, the defendants' trial preparation has been substantially prejudiced. Miss. R. Civ. P. 37(b)(2)(C) provides inter alia that if a deponent fails to appear for a deposition after being directed by the trial court to do so, the trial court may dismiss the action. This is exactly what happened in the case sub judice. Therefore, this Court finds that the trial court's dismissal of the plaintiffs' action was within its exercise of discretion under the provisions of Miss. R. Civ. P. 37(b)(2)(C). To hold otherwise would render this provision of the rule meaningless and one which we should simply judicially abrogate if it is not going to be enforced. A rule which is not enforced is no rule at all.

## CONCLUSION

¶19. The trial court did not abuse its discretion in dismissing the plaintiffs' action against all defendants with prejudice. Therefore, the judgment of the Circuit Court of the First Judicial District of Hinds County is affirmed.

12

¶20.    **AFFIRMED.**

**SMITH, C.J., COBB, P.J., AND EASLEY, J., CONCUR.   DICKINSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, P.J. DIAZ, GRAVES AND RANDOLPH, JJ., NOT PARTICIPATING.**

**DICKINSON, JUSTICE, DISSENTING:**

¶21.    In the case before us, the single question is whether the plaintiffs' lawsuit should have been dismissed, with prejudice, because of perceived misdeeds of plaintiffs' counsel.  Because of my respect for the wisdom and opinions of those with whom I disagree, I have revisited the question and carefully reexamined my own opinions.  Still, I find it impossible to conclude that the majority has reached the correct conclusion.  I therefore respectfully dissent.

¶22.    It is claimed by the majority, and supported by the record, that the deposition of the plaintiffs were set by order of the court and  the plaintiffs failed to appear.  Plaintiffs' counsel claims there was an understanding in place that, prior to the deposition, defendants' counsel would produce certain documents which were overdue in discovery and that the documents were not produced.  Defense counsel, the trial court, and the majority of this Court, reply that counsel is not free to ignore a court order and that absent a protective order, the plaintiffs should have attended.  Since the plaintiff failed to attend without leave of court, they should be punished.

¶23.    While I do not deny it, I am not prepared to say that the sanction fits the infraction under the facts in the record and controlling law.  This becomes more clear upon review of the authorities cited by the majority, which indicate that dismissal, with prejudice, is an extreme sanction, appropriate in cases of the most egregious conduct.

13

¶24.     The majority cites *Pierce v. Heritage Properties, Inc*., *supra*, in which this Court agreed that "dismissal is proper only in situation (sic) where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions."  *Pierce* further instructs us that "dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client . . . ." *Pierce*, 688 So. 2d 1385, 1389 (citations omitted).

¶25.     I am unable to find a single indication in the record before us that the trial court – for even a moment – considered less drastic sanctions.  Furthermore, the failure to attend the depositions was unquestionably the decision of plaintiffs' counsel. In *Pierce*, the plaintiff 's complaint was dismissed, with prejudice, because Pierce not only abused the discovery process, but also intentionally presented false testimony. Thus, *Pierce* would seem to stand less as authority for the majority than for my view.

¶26.     In *Scoggins v. Ellzen Beverages, Inc*., cited by the majority, the plaintiff repeatedly misrepresented her medical history.

¶27.     In *Gilbert v. Wal-Mart Stores, Inc*., the plaintiff was plainly told that failure to attend the scheduled deposition would result in dismissal of the complaint.  The plaintiff ignored the warning and refused to attend, resulting in an appropriate dismissal.

¶28.     In *Bowie v. Montfort Jones Memorial Hospital*, the plaintiff failed to produce a timely designation of expert.  The trial court did not sanction the plaintiff but, rather, entered summary judgment due to a lack of evidence.

¶29.     The majority declares that the plaintiffs' conduct substantially prejudiced the defendants' trial preparation.  I am unable to find evidence of any such prejudice in the record.

14

¶30.    The trial court could easily have ordered less-severe sanctions[2] and accomplished the necessary purposes without a dismissal.  In my view, it should have been done.

¶31.    For these reasons, I respectfully dissent.

**WALLER, P.J., JOINS THIS OPINION.**

---

[2]For instance, the trial court could have ordered the plaintiffs to submit to a deposition, with plaintiffs' counsel paying all costs including attorney fees.