# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-02772-SCT

*THE CITY OF JACKSON*

*v.*

*THE INTERNAL ENGINE PARTS GROUP, INC.*
*a/k/a ENGINE PARTS WAREHOUSE JACKSON*
*AND CLEARBROOK HOLDINGS, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/24/2003 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BARBARA A. BLUNTSON |
| ATTORNEYS FOR APPELLEES: | JOSEPH E. LOTTERHOS |
| | CHARLES FRANK FAIR BARBOUR |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 03/31/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE COBB, P.J., DICKINSON AND RANDOLPH, JJ.

### RANDOLPH, JUSTICE, FOR THE COURT:

¶1.    The Internal Engine Parts Group, Inc. a/k/a Engine Parts Warehouse Jackson, and Clearbrook Holdings, LLC (collectively referred to as "Engine Parts") filed a complaint against the City of Jackson, on January 23, 2002, in the Hinds County Circuit Court. The complaint sought to recover damages for alleged acts of negligence and breach of contract against the City of Jackson for property damage sustained during a period of heavy rainfall and flooding. On November 24, 2003, the circuit court entered its verdict and judgment awarding $369,480.32 in favor of Engine Parts. On December 4, 2003, the City of Jackson filed its

Post-Trial Motion for Amendment or Reconsideration of Findings and Judgment and/or in the alternative Motion for New Trial. On December 17, 2003, the circuit court entered its Order Denying the City of Jackson's Post Trial Motion. This appeal followed.

**FACTS**

¶2. Engine Parts owns and operates a business located at 811 South Gallatin Street, Jackson, Hinds County, Mississippi. On the morning of August 12, 2001, the metro area of Jackson received a large amount of rainfall. Many areas around Jackson flooded, including the area of Gallatin Street where Engine Parts is located. Engine Parts alleged that the flooding of its property was caused by a nearby drainage ditch that was filled with pre-existing debris and materials which obstructed the flow of water. This drainage ditch runs under Gallatin Street near the intersection of Gallatin Street and Hiawatha. The City of Jackson maintains the city's drainage ditches.

¶3. Al Campbell, who owns a building near Engine Parts, testified that prior to the flood he contacted the City five to six times to tell them that the drainage ditch was filled with debris. The debris consisted of furniture, mattresses, logs, and brush. He also testified that about thirty days prior to the flood, Carlos Bean,[1] the manager of Engine Parts, had called the City to inform them about the drainage ditch. The City did not respond to these calls and failed to clean out the debris from the ditch until after the flood. Prior to this date, the Engine Parts building had never flooded, even during the Jackson Easter Flood of 1979 and was not located within a flood zone.

---

[1]Carlos Bean passed away before the date of the trial.

¶4. As a result of the obstructions to the flow of water, up to 34 inches of water flooded Engine Part's building. The building incurred substantial damage and the inventory stored therein was destroyed. It was stipulated that Engine Parts suffered $369,480.32 in damages.

¶5. Engine Parts submitted its Notice of Claim pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2002 & Supp. 2004), and, subsequently, filed its complaint against the City of Jackson on January 23, 2002. Following a bench trial, the court awarded Engine Parts $369,480.32.

## ANALYSIS

¶6. The City of Jackson raises the following issues on appeal:

**I. Whether the trial court erred by failing to find that the City of Jackson was exempt or immune from liability pursuant to the Mississippi Tort Claims Act.**

**II. Whether the trial court erred by failing to allow testimony of two of the City of Jackson's fact witnesses.**

**III. Whether the judgment of the trial court was against the overwhelming weight of the evidence.**

**IV. Whether the trial court erred in denying the City of Jackson's post-trial motion for amendment or reconsideration or in the alternative motion for new trial.**

**V. Whether the trial court erred in failing to make a findings of fact and conclusions of law pursuant to Rule 52(a) of the Mississippi Rules of Civil Procedure.**

3

¶7.    The standard of review for a judgment following a bench trial is as follows:  "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence." *City of Jackson v. Perry*, 764 So. 2d 373, 376 (Miss. 2000).  Questions of law, which include the proper allocation of the Mississippi Tort Claims Act, are reviewed de novo. *Maldonado v. Kelly,* 768 So. 2d 906, 908 (Miss. 2000).

> **I.    Whether the trial court erred by failing to find that the City of Jackson was exempt or immune from liability pursuant to the Mississippi Tort Claims Act.**

¶8.    This case was brought under the Mississippi Tort Claims Act, which permits negligence actions against state agencies under certain circumstances. *Simpson v. City of Pickens*, 761 So. 2d 855, 860 (Miss. 2000).  The City of Jackson argues that the circumstances of the instant action fall under one of the exemptions, i.e., § 11-46-9(1)(v).  This section reads in pertinent part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> * * *
>
> (v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.

Miss. Code Ann. § 11-46-9(1)(v).

¶9.    After reviewing all of the evidence, the trial judge determined that the flooding of Engine Parts was caused by the City's negligence. The following facts and circumstances were established by the evidence: (A) there was a drainage ditch filled with debris which the City inspected and maintained; (B) the hazardous condition, in combination with the flood, was caused or contributed to by the negligence and wrongful conduct of the City employees in failing to regularly inspect and maintain the subject drainage ditch; (C) the evidence clearly established that the City through its employees, either knew or should have known that this condition existed prior to the flood; as testimony revealed that its employees were notified five or six times in the year prior to the flood, and were notified again a month before the flood that the debris obstruction existed, and (D) because the City was notified of the debris in the drainage ditch well before the flood, it had adequate opportunity to remove or clean up the hazard created by the debris. This Court finds that the  trial court's findings were supported by substantial, credible, and reasonable evidence.

¶10.    First, the City of Jackson argues that the flash flood that occurred on August 12, 2001, was the dangerous condition and that it had no notice of this dangerous condition until after it had happened. This argument is flawed. The City of Jackson, by its negligent failure to inspect and maintain the drainage ditch, created a separate dangerous condition; i.e. an obstructed drainage ditch through which water could not properly flow, which proximately caused or contributed to the flooding of Engine Parts' building. There was substantial credible evidence to support the trial court's finding that the City had either actual or constructive notice of the debris obstructions.

5

¶11.    The City of Jackson also contends that, even if notice had been provided, it should not be held liable for a failure to warn of a dangerous condition which is obvious to one exercising due care, citing *City of Clinton v. Smith*, 861 So. 2d 323 (Miss. 2003).  In *Smith*, the plaintiff slipped and fell on snow and ice while leaving a municipal court building.  The circuit court ruled that there was no immunity available to the City of Clinton because the city had either actual or constructive knowledge of the dangerous condition.  *Id.* at 326.  However, this Court reversed and found that the trial court erred when failing to look at the entire language of Miss. Code Ann. §11-46-9(1), and found that the city was not liable for failure to warn of the dangerous condition because the condition was open and obvious in that Smith knew that the steps were covered with ice and snow and that he wasn't paying attention.  *Id.* at 327.  However, the case before the Court today is not a failure to warn case.  The issue here is not whether the City was negligent for failing to warn of a dangerous condition, but rather whether the City was negligent for failing to inspect and maintain the drainage ditch, and consequently allowing a dangerous condition to continue to exist.

¶12.    The City argues that the trial court's decision regarding immunity was based upon Miss. Code Ann. §11-46-3(3), cited in the verdict as §11-46-3(c), regarding immunity based upon a proprietary obligation or function, which is no longer valid.  The trial court was presented with arguments regarding §11-46-9 during the City of Jackson's motion for directed verdict which was denied.  Section 11-46-9 is the applicable statute to determine the immunity of the City, and § 11-46-9 fails to establish such immunity.  This issue is without merit.

      **II.      Whether the trial court erred by failing to allow testimony**
                   **of two of the City of Jackson's fact witnesses.**

¶13.    On February 27, 2002, Engine Parts submitted its First Set of Interrogatories to the City of Jackson.    Engine Parts filed a Motion to Compel Discovery, and the City of Jackson submitted its Response to the interrogatories on June 17, 2002.    Engine Parts' Interrogatory Numbers 2 and 3 and the City of Jackson's respective responses were as follows:

> Interrogatory No. 2:Identify by name, address and present whereabouts each person other than an expert whom you will call as a witness at the trial of this case and state after each person the subject or subjects upon which he or she is expected to testify.
>
> Response: This has yet to be determined, but this response will be supplemented in a seasonable manner pursuant to the Mississippi Rules of Civil Procedure.
>
> Interrogatory No. 3: Identify by name, address and present whereabouts all persons who you claim to have knowledge of the facts and claims set forth in your answer.
>
> Response: Dan Still . . . Lanier Wilcher . . . Mavis Collins . . . and Bwana Jones.

¶14.    On December 20, 2002, the trial court entered its Order Setting Deadlines for Discovery wherein both parties were to have completed all discovery by April 30, 2003.    A pre-trial conference was held on October 29, 2003.    At this conference, the trial court ordered the parties to exchange final witness lists by October 31, 2003.    On October 31, 2003 (six days prior to trial), the City of Jackson produced a witness list that included nine individuals. Of these nine individuals, only two witnesses, Lanier Wilcher and Mavis Collins, had been previously identified by the City of Jackson's response to Interrogatory No. 3 as having any knowledge of the facts and claims of the case.    Engine Parts then filed a Motion in Limine to exclude the testimony of all witnesses other than those who had previously  been identified in the City's response to Interrogatory No. 3.    In granting the motion the trial judge stated that,

7

"there has been ample opportunity here since December, at least December of last year, which is almost a year ago, for compliance with notification as to who the anticipated witnesses, or who will be called for trial testimony by the city. And that has not been done." The trial judge referred to *Busick v. St. John*, 856 So. 2d 304 (Miss. 2003), when making his ruling to exclude the testimony of the newly added witnesses.

¶15. "The trial court has wide and considerable discretion in matters relating to discovery; its order will not be disturbed unless there has been an abuse of discretion." *Id.* at 319. In *Busick*, the plaintiff requested permission to allow the testimony of her husband 17 days before the start of the trial, furthermore she offered her mother and daughter as witnesses the day of the trial. *Id.* at 320. In ruling that the testimony of the surprise witnesses was properly excluded, this Court stated that "[w]e have long held that the rules of discovery are to prevent trial by ambush." *Id.* at 321 (citing *Choctaw Maid Farms, Inc. v. Hailey*, 822 So. 2d 911, 917 (Miss. 2002)). Furthermore, this Court has found that "trial courts are committed to the discovery rules because they promote fair trials. Once an opponent requests discoverable material, an attorney has a duty to comply with the request regardless of the advantage a surprise may bring." *Id.,* citing *Williams v. Dixie Elec. Power Ass'n*, 514 So.2d 332, 335 (Miss. 1987).

¶16. The City of Jackson argues that the Court in *Busick* not only determined that the disclosure was untimely, but that the exclusion of the witnesses did not result in prejudice to the plaintiff. While the Court did find in *Busick* that the exclusion of the witnesses did not result in prejudice, this Court has ruled that litigants have an obligation to timely comply with

8

the orders of the trial courts. *Salts v. Gulf Nat'l Life Ins. Co.*, 872 So. 2d 667, 674 (Miss. 2004). This Court stated in *Salts,* quoting *Bowie v. Montford Jones Memorial Hospital*, 861 So. 2d 1037, 1042 (Miss. 2003), that,

> Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. Our trial judges also have a right to expect compliance with their orders, and when parties and/or attorneys fail to adhere to the provisions of these orders, they should be prepared to do so at their own peril (citations omitted).
> * * *
> While the end result in today's case may appear to be harsh, litigants must understand that there is an obligation to timely comply with the orders of our trial courts.

*Id.*

¶17. The trial judge here was correct in excluding the testimony of the newly added witnesses. The City submitted its discovery responses on June 17, 2002. The trial court entered the discovery order on December 20, 2002, designating all discovery to be complete on April 30, 2003. The City had almost a year to supplement its responses and failed to do so. Furthermore, the City waited an additional six months after discovery was closed to reveal additional witnesses, and then only within a week of the trial. Therefore, the proposed witnesses were correctly precluded from testifying at trial.

### III. Whether the judgment of the trial court was against the weight of the evidence.

¶18. The City of Jackson argues that the judgment of the trial court was against the weight of the evidence. However, the City cites no authority for this proposition. This Court is under no duty to consider assignments of error when no authority is cited. *Hewlett v. State*, 607

So.2d 1097, 1106 (Miss. 1992). This Court has repeatedly held that failure to cite any authority may be treated as a procedural bar. *Williams v. State,* 708 So. 2d 1358, 1361 (Miss. 1998). The City is procedurally barred from presenting this argument on appeal.

### IV. Whether the trial court erred in denying the city of Jackson's post-trial motion for amendment or reconsideration or in the alternative motion for new trial.

¶19. M.R.C.P. 59(e) allows an aggrieved party to make a motion to the court to alter or amend its judgment. *Bang v. Pittman,* 749 So.2d 47, 52 (Miss. 1999). Review of a trial judge's denial of a Rule 59 motion is limited to abuse of discretion. *Id.* The City argues that its motion for amendment placed the trial court on notice that there was a clear error of law in the court's verdict and judgment. In its motion, the City stated that, "the final Judgment and Order are contrary to the evidence and the law of the case, which should be governed exclusively by the Mississippi Torts Claim Act § 11-46-11 (2003)." It is by this statement that the City argues that it put the trial court on notice that there was a clear error of law in the court's judgment. This Court disagrees. The City's motion did not assert that the judgment referenced law that was no longer applicable and did not raise any issues under §11-46-9(1)(v) or §11-46-3. The City did not present this issue to the trial court in its motion for amendment or for new trial. Having failed to preserve the issue, the City of Jackson is barred from raising it now on appeal. *Materials Transp. Co. v. Newman,* 656 So. 2d 1199, 1203 (Miss. 1995).

¶20. Notwithstanding the procedural bar, although the judgment contained references to §11-46-3(3) (cited in the verdict as 11-46-3(c)), a statute that was no longer applicable, the correct result was obtained. Miss. Code Ann. §11-46-9(1)(v) does not provide immunity to the City of Jackson, and as such this issue is without merit.

10

**V.    Whether the trial court erred in failing to make specific findings of fact and conclusions of law pursuant to Rule 52(a) of the Mississippi Rules of Civil Procedure.**

¶21.    Mississippi Rule of Civil Procedure 52(a) states:

> In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.

In *Tricon Metals & Services, Inc. v. Topp*, 516 So. 2d 236, 239 (Miss. 1987), this Court held that, "in cases of complexity, tried upon the facts without a jury, the Court generally should find the facts specially and state its conclusions of law thereon." The City argues that because this was a complex case, and because the trial court did not make specific findings of facts and conclusions of law, this case should be reversed.

¶22.    Relying on *Patout v. Patout*, 733 So.2d 770, 773 (Miss. 1999), in *Mississippi Department of Transportation v. Trosclair*, 851 So. 2d 408, 414 (Miss. Ct. App. 2003), the Court of Appeals found that a case involving the Mississippi Tort Claims Act was "far from complex" and found that without a specific request by the party, that it was not error for the court to fail to make specific findings of fact and conclusions of law. After reviewing the record and the City's post-trial motion, this Court fails to find any request made for specific findings of fact and conclusions of law.

¶23.    Although abbreviated, sufficient findings of fact and conclusions of law are contained within in the court's verdict and judgment. In the court's verdict and judgment, the court made specific findings that the City of Jackson had a duty to inspect and maintain the drainage ditch, that the City of Jackson had actual and constructive notice of the existing hazardous condition,

11

and that the City's breach of duty caused or contributed to the flooding of the plaintiff's building. Furthermore, the record clearly supports the conclusion of the trial court and its verdict and judgment.

## CONCLUSION

¶24. For the foregoing reasons, the judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, is affirmed.

¶25. **AFFIRMED**.

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**