# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-00219-SCT

*IN THE MATTER OF THE ESTATE OF ROBERT ERNIE JOHNSON, DECEASED: ROBERT A. JOHNSON*

*v.*

*MYRA LINDA HENDERSON, EXECUTRIX*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/19/2016 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | KERRY MILLS BRYSON |
| ATTORNEYS FOR APPELLEE: | GREGORY C. MORTON |
| | JOSEPH M. SPARKMAN, JR. |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 06/01/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     Under our civil discovery rules, a party who fails to attend his own properly noticed deposition may be sanctioned—up to dismissal of his case.[1]  Here, the plaintiff in a will contest intentionally skipped out on his deposition.  This prompted the chancellor to grant the defendant's motion for sanctions, dismissing the will contest.  While this sanction was harsh, it was within the chancellor's discretion to impose.  We thus affirm.

---

[1] M.R.C.P. 37(d).

## Background Facts and Procedural History

¶2.     After Robert A. Johnson's father died, his stepmother, Myra Linda Henderson, filed a petition to probate his father's will. This will left nothing to Johnson or his brother. So on August 26, 2014, Johnson filed a petition to contest the will.

¶3.     On October 12, 2015, Henderson noticed Johnson's deposition for October 22, 2015. The deposition was to take place at Henderson's attorney's office in Southaven, Mississippi. Johnson—a California resident—filed a motion to quash and for a protective order. According to Johnson, traveling to Mississippi on such short notice would have caused him undue burden. He proposed Henderson either pay for his travel to Mississippi, take his deposition remotely by video, or come to California to depose him.

¶4.     On November 9, 2015, the chancellor heard Johnson's motion.[2] The judge ruled Johnson had to come to Mississippi to be deposed. And Johnson, through his counsel, agreed he should be deposed in Mississippi. The chancellor denied Johnson's motion to quash, but suggested Henderson give Johnson at least thirty days' notice before deposing him. This would allow Johnson to make travel arrangements for his Mississippi deposition.

¶5.     The same day as this ruling, Henderson filed a second notice of deposition. This notice informed Johnson he would be deposed thirty-two days later. The deposition was set

---

[2] While no transcript of this hearing is in the record, there was a discussion at a later hearing about what transpired on November 9, 2015.

for December 11, 2015, at Henderson's attorney's office in Southaven.[3]

¶6.     Three days before the scheduled deposition, Henderson's attorney contacted Johnson's counsel to confirm Johnson's attendance.  According to Henderson's attorney, Johnson's counsel "very candidly told [him] that his client was not going to be there on the appointed hour of the deposition for December 11th."

¶7.     Indeed, Johnson failed to appear for his deposition on December 11.  And Henderson immediately filed a motion for sanctions, requesting Johnson's will contest be dismissed.  The chancellor heard this motion on January 5, 2016.  During the hearing, Johnson's counsel argued Johnson had been too busy to attend the deposition.  He told the chancellor Johnson is in the event-planning business.  And his important contracts in December and January prevented him from leaving during that period.  But he expressed Johnson was willing to come to Mississippi in February, when business slowed down.

¶8.     The chancellor asked why Johnson had not filed anything but instead chose to disregard the deposition and simply not show up.  Johnson's lawyer told the judge, "I wanted to."  But Johnson directed him to "his attorney in California that handles his business contracts, and I was not able to coordinate with that attorney to get me the documentation to present to the Court."

¶9.     Johnson's lawyer then spoke on the sanctions request.  He argued "if sanctions are

---

[3] While this notice was not made part of the appellate record, Johnson does not contest he received proper notice of the December 11, 2015 deposition.

3

imposed, they should be financial." This would "allow [Johnson] to compensate the opposing party but still have his day in court here." The chancellor considered this suggestion, but was not swayed by it. The chancellor felt a more serious sanction was warranted. As the chancellor put it, "I cannot allow somebody to file an action in a will contest or otherwise in my Court and not make themselves available to the Court for necessary discovery. I can't allow it. It's frankly, contemptuous. And also, if it's not done, all it does is slow down the wheels of justice." For these reasons, the chancellor rejected Johnson's counsel's suggestion and instead granted Henderson's motion to dismiss.

¶10.    Johnson timely appealed. Because the trial judge has "considerable discretion in discovery matters," this Court reviews his decision for abuse of discretion. *Salts v. Gulf Nat'l Life Ins. Co.*, 872 So. 2d 667, 670 (Miss. 2004).

**Discussion**

¶11.    The rule governing a party's failure to attend a properly noticed deposition is very clear. "If a party . . . fails . . . to appear before the officer who is to take his deposition, after being served with a proper notice, . . . the court in which the action is pending on motion . . . may take *any action* authorized under subsections (A), (B), and (C) of subsection (b)(2) of this rule." M.R.C.P. 37(d) (emphasis added). One of the actions authorized by subsection (b)(2) is the issuing of an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" M.R.C.P. 37(b)(2)(C). So under Rule 37, dismissal is an authorized sanction.

4

¶12.    Johnson does not claim he lacked proper notice of the December 11, 2015 deposition. So under Rule 37(d)'s plain language, his failure to appear triggered the chancellor's discretionary authority to dismiss his will contest with prejudice. Johnson recognizes this authority but tries to temper his nonappearance by arguing it was not willful. As his lawyer later pitched it to the chancellor, he was just too busy to be there.

¶13.    Johnson insists this Court's precedent cuts against his being hit with the ultimate sanction of dismissal. *See, e.g.,* ***Pierce v. Heritage Props., Inc.***, 688 So. 2d 1385, 1388 (Miss. 1997) (finding the plaintiff's willful discovery violation supported the trial judge's sanction of dismissal). But the record shows his nonattendance was willful. Opting against seeking court permission or intervention, he gambled on forgiveness, and intentionally skipped out on his properly noticed deposition. Johnson made no prior mention of work obligations or serious conflicting business duties. It was only afterward, when looking down the barrel of dismissal, that his attorney suggested to the chancellor that Johnson's California business would have been disrupted had he attended the deposition. Johnson had not mentioned this excuse to the court before ditching his deposition. Nor did he seek court intervention or direct his counsel to work with Henderson's lawyer to find a more suitable date to be deposed.

¶14.    In fact, Johnson apparently never intended to inform Henderson he was not coming. Our review shows it was *Henderson*'s lawyer who contacted Johnson's attorney three days before the scheduled deposition to verify Johnson would be there. And only then, according

5

to Henderson's attorney, did Johnson's lawyer tell him his client was not coming.

¶15. In addition to willfulness, we also consider "whether the failure to comply is attributable to the party itself, or their attorney," and "whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order." **Beck v. Sapet**, 937 So. 2d 945, 949 (Miss. 2006) (citing **Pierce**, 688 So. 2d at 1389). Here, the record supports the chancellor's finding that it was in fact Johnson—not his attorney—who decided to skip the deposition. And his absence was not based on confusion over the judge's November 9 ruling that he come to Mississippi to be deposed. It was willful.

¶16. Based on this willful, unexcused failure to attend the December 11 deposition, we find the chancellor was within his discretion under Rule 37(d) to sanction Johnson by dismissing his action. *See* **Salts**, 872 So. 2d at 674 (affirming the trial judge's dismissal under Rule 37(b)(2)(C) for failure to attend a deposition as within the judge's discretion); **Gilbert v. Wal-Mart Stores, Inc.**, 749 So. 2d 361, 364 (Miss. Ct. App. 1999) (affirming trial judge's sanction of dismissal because "the record reveals that it was more wilfulness or bad faith on the part of Gilbert that prevented his appearance" at the scheduled deposition).

¶17. The dissent and Johnson try to distinguish **Salts** and **Gilbert** by arguing, in those cases, the plaintiffs had been ordered to attend the depositions. And in his case, Johnson was never ordered by the chancellor to show up on December 11. But the fact the parties in **Salts** and **Gilbert** were under court order—and Johnson was not—is immaterial to our analysis. It simply makes their failures to appear not only violations of Rule 37(d) but also Rule 37(b),

6

which specifically governs the failure to comply with discovery-related court orders. *See Salts*, 872 So. 2d at 674; *Gilbert*, 749 So. 2d at 364. There is nothing in Rule 37(d)—the subsection that specifically governs a party's failure to attend his own properly noticed deposition—that limits the trial court's discretionary authority to dismiss to only those cases where a party has been expressly ordered by the court to attend a deposition. *Compare* M.R.C.P. 37(d) (governing "Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection") *with* M.R.C.P. 37(b) (governing "Failure to Comply With Order"). Again, Rule 37(d) makes clear a party cannot ignore a properly served notice of deposition with impunity. Instead, he must appear or, if appearance is not feasible, seek the other side's cooperation and, if necessary, the court's intervention. In this case, Johnson did nothing. He simply rolled the dice and decided not to come to Mississippi to be deposed, despite the judge's ruling.

¶18. The dissent also suggests the chancellor did not consider lesser sanctions—another factor we weigh when reviewing the sanction of dismissal. *See Beck*, 937 So. 2d at 949 (citing *Pierce*, 688 So. 2d at 1389). But we find he did. At the motion-for-sanctions hearing, Johnson's counsel specifically argued that, "if sanctions are imposed, they should be financial sanctions." This, he insisted, would "allow [Johnson] to compensate the opposing party but still have his day in court here." The chancellor considered but rejected this suggestion.

¶19. It is obvious the chancellor felt lesser sanctions would not suffice. In meting out the

7

appropriate sanction, he found he could not allow practitioners to file lawsuits then thwart necessary discovery through their nonavailability. He deemed such a course as "frankly, contemptuous." In his view, this sort of willful behavior "slow[s] down the wheels of justice." From this exchange, it is evident the judge acknowledged and considered Johnson's argument but found dismissal the only viable sanction for Johnson's willful conduct. *See Pierce*, 688 So. 2d at 1390-91 (affirming the sanction of dismissal, in part, because the trial court had considered less-drastic sanctions but found none would have the same deterrent value). While this court may have crafted a different sanction, we cannot say the chancellor lacked discretion to dismiss with prejudice under Rule 37(d).

¶20. As a final matter, Johnson argues the chancellor wrongly denied his motion for a protective order. This was the motion he filed in response to the first notice of the October 22, 2015 deposition. The record contains no transcript from the November 9, 2015 hearing on Johnson's motion. But during the January 5, 2016 sanctions hearing, Johnson's attorney recapped the judge's prior ruling, acknowledging "[p]reviously . . . the court ruled that it was better to have in person depositions *and we agreed*." (Emphasis added.) But even if Johnson disagreed with the judge's ruling that he had to come to Mississippi to be deposed, he could not simply ignore the properly noticed December 11 deposition. Johnson could have filed a second motion for protective order based on the *timing* of the deposition, but he did not.[4]

---

[4] Under Rule 37(d), "The failure to act described in this subsection may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order under Rule 26(d)." While Johnson did apply for a

8

Instead, he deliberately chose not to attend. Based on this unexcused absence, we find the chancellor was within his discretionary authority under Rule 37(d) to sanction Johnson with dismissal.

**Conclusion**

¶21. When reviewing a dismissal by sanction, our standard is to "affirm a trial court's decision unless there is a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.'" *Pierce*, 688 So. 2d at 1388 (quoting *Cooper v. State Farm Fire & Cas. Co.*, 568 So. 2d 687, 692 (Miss. 1990)). Because the record does not support a finding of clear error, we must affirm.

¶22. **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., COLEMAN, BEAM AND CHAMBERLIN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KING, J.**

**KITCHENS, JUSTICE, DISSENTING:**

¶23. Because the chancellor erroneously dismissed Robert A. Johnson's case without having considered the possibility and practicality of lesser sanctions, I respectfully dissent.

¶24. This Court applies an abuse of discretion standard "to a trial court's dismissal of an action with prejudice as a result of a discovery violation . . . ." *Beck v. Sapet*, 937 So. 2d 945,

---

protective order in response to the notice of the October 22 deposition based on his argument he did not have to come to Mississippi *at all*, once the trial judge ruled that he did have to come to Mississippi, Johnson never sought a protective order in response to the notice of the December 11 deposition based on his argument that he could not travel during this time period.

9

948 (Miss. 2006) (citing *Salts v. Gulf Nat'l Life Ins. Co.*, 872 So. 2d 667, 670 (Miss. 2004)). The Court considers the following factors in determining the propriety of a dismissal with prejudice for a discovery violation:

> (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of Rule 37 could not have been achieved through lesser sanctions; (3) whether the other party's trial preparation has been prejudiced; (4) whether the failure to comply is attributable to the party itself, or their [sic] attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.

*Beck*, 937 So. 2d at 949 (citing *Pierce v. Heritage Props. Inc.*, 688 So. 2d 1385, 1389 (Miss. 1997)). "A willful violation of a discovery rule occurs when there is a conscious or intentional failure to comply with the rule's requirements." *Pierce*, 688 So. 2d at 1390 (citing *Medina v. Found. Reserve Ins. Co.*, 870 P.2d 125, 126 (N.M. 1994)). "A finding of willfulness may be based upon either a willful, intentional, and bad faith attempt to conceal evidence or a gross indifference to discovery obligations." *Id.* "This Court reverses if it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors." *Beck*, 937 So. 2d at 949 (citing *Caracci v. Int'l Paper Co.*, 699 So. 2d 546, 556 (Miss. 1997)).

¶25.    Of course, "a 'trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances.'" *Kinzie v. Belk Dep't Stores, L.P.*, 164 So. 3d 974, 977 (Miss. 2015) (quoting *Pierce*, 688 So. 2d at 1388). We have affirmed the dismissal of cases only in the most egregious circumstances of discovery violations. *See*

*Pierce*, 688 So. 2d at 1390 (dismissal affirmed because plaintiff lied under oath); *Scoggins v. Ellzey Beverages, Inc.*, 743 So. 2d 990 (Miss. 1999) (dismissal affirmed because plaintiff deliberately subverted the judicial process by providing testimony that differed from her medical records); *Ashmore v. Miss. Auth. on Educ. Television*, 148 So. 3d 977, 985 (Miss. 2014) (dismissal affirmed because plaintiff concealed various medical procedures and injuries despite contrary medical records).

¶26.   In *Kinzie*, 164 So. 3d at 979, this Court reversed dismissal, in part, because the trial court failed to consider "the possibility and practicality of lesser sanctions." We held that "[d]ismissal is appropriate only under the most extreme circumstances and only where lesser sanctions will not suffice." *Id.* (citing *Pierce*, 688 So. 2d at 1388-89). *See also Am. Tel. and Tel. Co. v. Days Inn of Winona*, 720 So. 2d 178, 181 (Miss. 1998) (After the trial court dismissed a case pursuant to Mississippi Rule of Civil Procedure 41(b), this Court reversed and remanded because "there is no indication that lesser sanctions were considered by the [trial] court.")

¶27.   The majority states that Johnson "simply rolled the dice and decided he did not have to come to Mississippi to be deposed, despite the judge's ruling." Maj Op. ¶ 15. But the court's order denying Johnson's timely motion to quash/motion for a protective order did not require Johnson's attendance at any deposition. In both of the cases upon which the majority relies, *Salts v. Gulf National Life Ins. Co.*, 872 So. 2d 667, 674 (Miss. 2004), and *Gilbert v. Wal-Mart Stores, Inc.*, 749 So. 2d 361, 364 (Miss. Ct. App. 1999), the trial court had

11

ordered attendance at a scheduled deposition.

¶28.  In *Gilbert*, William Gilbert filed a lawsuit *pro se* against Wal-Mart alleging that the failure of Wal-Mart employees properly to issue a Mississippi hunting and fishing license subsequently led to his arrest and that "as a result of his arrest and during his incarceration he was without necessary medication for diabetes and high blood pressure and suffered a diabetic coma." *Id.* at 363. He sought $5,558,750 in damages. *Id.* Wal-Mart provided Gilbert a notice of deposition, to which he responded "by mailing counsel for Wal-Mart a list of lengthy demands to be met by Wal-Mart before he would consent and appear for the taking of his deposition." *Id.* After Gilbert failed to appear for his deposition, Wal-Mart filed a motion for sanctions, requesting that the trial court order Gilbert to appear and give testimony. *Id.* at 363.

¶29.  The trial court entered an order requiring Gilbert's appearance and warning that "'failing plaintiff's unconditional appearance at said deposition, this Court, without necessity of further notice to plaintiff, will enter an order fully and finally dismissing the Complaint and all parties to the action with prejudice.'" *Id.* A renotice of deposition was sent to Gilbert, but Gilbert again failed to appear. *Id.* The trial court dismissed the cause of action with prejudice. *Id.* The Mississippi Court of Appeals affirmed, finding that the trial court had not abused its discretion and that "[t]he delays created by Gilbert caused Wal-Mart not only the loss of time and money, but also drastically hindered its ability to evaluate settlement possibilities and obtain information necessary to defend against Gilbert's demand for

12

damages at trial." ***Id.*** at 366.

¶30.    Similarly, in ***Salts v. Gulf National Life Insurance Company***, the trial court granted the defendants' motion to dismiss because the plaintiffs "'had willfully failed to comply with the court's order to submit to depositions on February 2-3, 2000.'" ***Salts v. Gulf Nat'l Life Ins. Co.***, 872 So. 2d 667, 669 (Miss. 2004) (quoting ***Salts v. Gulf Nat'l Life Ins. Co.***, 849 So. 2d 848, 849 (Miss. 2002)). This Court determined that, after the trial court had entered an order setting the plaintiffs' depositions, and "[w]hether it was their decision or on advice from their attorneys, the plaintiffs chose to disregard the order and did not submit for their scheduled depositions." ***Salts***, 872 So. 2d at 674. "This was a willful failure to comply with the court's order" and "[b]y not being able to take the deposition of the plaintiffs, the defendants' trial preparation has been substantially prejudiced." ***Id.*** (citing M.R.C.P. 37(b)(2)(c)). This Court, therefore, affirmed dismissal with prejudice. ***Id.***

¶31.    In the present case, after Johnson filed the will contest, Henderson provided notice that Johnson would be deposed on October 22, 2015, in Southaven, Mississippi. Because attendance would have required that Johnson travel from his home in California to Southaven, Mississippi, Johnson filed a motion to quash the *subpoena duces tecum* and, alternatively, for a protective order precluding Henderson from requiring him to undergo the "undue burden or expense" of traveling. Johnson proposed three alternatives: that Henderson pay his travel expenses, that a deposition take place via Skype, or that Henderson travel to California to take his deposition. Far from being disdainful or dismissive of Henderson's

13

desire to depose him, Johnson seems to have been trying to find some reasonable way to accommodate her.

¶32. The chancery court, following a hearing on November 9, 2015, simply denied the motion to quash/motion for a protective order, explaining only that it was "not well founded." The chancery court did not, as did the trial courts in **Gilbert** and **Salts**, require that Johnson appear at a particular place and time to give his deposition.[5] Henderson then amended the notice of deposition, changing the date of the deposition to December 11, 2015. Three days before the deposition had been scheduled unilaterally by Henderson's lawyer, on December 8, 2015, Johnson's lawyer informed Henderson's lawyer that Johnson would not appear on December 11, 2015, to be deposed. There is no indication that, prior to this contact, the two attorneys had spoken to each other with regard to the scheduling of Johnson's deposition.

¶33. Due to Johnson's absence, Henderson moved for sanctions, asking that the will contest be dismissed with prejudice. On appeal, Henderson argues that the trial court, by denying Johnson's motion to quash/motion for a protective order, was, in effect, "dismissing his arguments that Ms. Henderson be required to travel to California, Mr. Johnson's residence, for his deposition." This, according to Henderson, required "that Mr. Johnson

---

[5] Henderson avers in the "Motion for Sanctions," that the trial court gave "direction to give at least thirty (30) days advanced notice so Petitioner could make necessary travel arrangements." This was not memorialized in the Court's order denying the motion to quash/motion for a protective order.

appear in Mississippi for the deposition." But, as Johnson's lawyer explained at the hearing on the motion for sanctions, Johnson's business obligations prevented his attendance in December 2015. He would, according to his counsel at the hearing, be available two months later, in February 2016.

¶34. This case is wholly unlike *Gilbert*, in which Gilbert ignored an order from the trial court which made it clear that, if he failed to appear at his scheduled deposition, his case would be dismissed with prejudice. *Gilbert*, 749 So. 2d at 363. And unlike the circumstances in *Salts*, here there was no wilful failure to comply with the trial court's order because there was no trial court order with which to comply. The trial court never ordered Johnson to appear, much less threatened him with the ultimate sanction of dismissal with prejudice.

¶35. It is true that, despite the chancery court's denial of Johnson's motion to quash/motion for a protective order, Johnson failed to appear at the December 11, 2015, deposition. But, far from ignoring the deposition notices, Johnson's lawyer timely responded to the deposition of October 12, 2015,[6] by letter on October 13, 2015, offering reasonable and workable alternatives. While it is arguable whether his conduct in this regard was sanctionable at all, the record does not show that the chancery court considered the possibility of imposing less severe sanctions than the ultimate sanction of dismissal with prejudice.

¶36. The majority surmises that the trial judge had considered lesser sanctions because

---

[6] That notice of deposition informed Johnson that he would be deposed on October 22, 2015, in Southaven, Mississippi.

Johnson's counsel asked the trial court, in the event it found sanctions warranted, to impose solely financial sanctions. Maj. Op. ¶ 18. "Lesser sanctions include 'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Cox v. Cox*, 976 So. 2d 869, 876 (Miss. 2008) (quoting *Am. Tel. and Tel. Co.*, 720 So. 2d at 181-82)). In *Cox*, we held that

> The fact that lesser sanctions were argued before the chancellor, that the chancellor considered all arguments prior to dismissal, and that the chancellor denied [the plaintiff's] motion for reconsideration, in which [the plaintiff] argued that lesser sanctions had not been considered, is sufficient to show that lesser sanctions were considered and rejected.

*Cox*, 976 So. 2d at 876. This Court continued that "consideration of lesser sanctions cannot be presumed, but there should be *some indication* in the record that lesser sanctions were considered." *Id.* n.10 (emphasis in original).

¶37.    It is not clear from the transcript or from the chancery court's judgment of dismissal with prejudice that lesser sanctions were considered by the court.  Johnson's lawyer did explain to the chancellor at the hearing on January 5, 2016, that his client's business obligations prevented his attendance at the December 2015 deposition, but that Johnson would be available for deposition in February 2016. He asked that "if sanctions are imposed they should be financial sanctions to compensate the opposing party but still have his day in court here." I decline, however, to presume that the trial court considered lesser sanctions merely because one of the lawyers suggested a financial sanction as an alternative to dismissal. While that statement by counsel does establish that lesser sanctions were *proposed*,

16

not a shred of evidence exists that the trial court *considered* that proposal.

¶38.    I would reverse the judgment of the Chancery Court of DeSoto County and remand the case for consideration of whether lesser sanctions are warranted.

**DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.**